[No. 1312. Decided September 5, 1894.]

JOHN TRUMBULL, *Appellant*, v. THOMAS JACKMAN *et al.*, *Respondents.*

NEW TRIAL — DISCRETION OF COURT — JOINT ACTION AGAINST
SEVERAL DEFENDANTS — PLEADING AND PROOF.

The action of the lower court in granting a new trial will not be reversed on appeal if there is any theory upon which such action can be sustained.

Where a verdict has been rendered against defendants sued jointly to recover a fee for legal services, the action of the lower court in granting defendants a new trial is not an abuse of discretion, when the evidence tends to show that plaintiff had been separately, and not jointly, employed by the several defendants, although the defense set up was merely one of general denial.

*Appeal from Superior Court, Jefferson County.*

*A. R. Coleman,* and *Trumbull & Trumbull,* for appellant.

*Morris B. Sachs,* and *George H. Jones,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from an order granting a new trial. Numerous questions have been presented for the consideration of the court, and elaborately argued by counsel. We shall find it necessary to refer to but few of them. It is conceded by the appellant that an order granting a new trial will not be set aside by the appellate court unless from the record it appears that there was an abuse of discretion by the superior court in making it. And for the reason that such an order does not deprive the one against whom it is made from having the issues tried as prescribed by law, and thereby his rights protected, while the result of its reversal is to finally determine the rights of the parties to the action, it is the duty of the appellate court to refuse to disturb such an order unless the abuse of discretion is made clearly to appear. If there is any theory upon which the action of the lower court can be reasonably sustained the order should be affirmed.

This action was brought to recover from the defendants jointly a fee for legal services growing out of the defense of an action brought against them in the circuit court for the district of Washington. The answer of some of the defendants was a general denial of the material facts stated in the complaint. The other one admitted that he had employed the plaintiff to represent him in the action referred to; that the services rendered in pursuance of such employment were of a certain value, and alleged that he had fully paid the plaintiff therefor. The trial court allowed proof to be introduced tending to show that the employment of the plaintiff was not the joint act of the

several defendants; that instead thereof he had been sepa-
rately employed by each of said defendants. If this proof
was admissible the order must be affirmed as it was of
such a nature that it furnished the trial court such grounds
for making the order that we could find no abuse of dis-
cretion on its part in doing so. Appellant insists that in
order to authorize the introduction of this proof it was
necessary that the answer should deny the making of the
joint contract, and set up affirmatively the several con-
tracts. That the adjudicated cases in the code states
establish the doctrine that in a suit against several defend-
ants jointly proof may be introduced and an action main-
tained against a part only of such defendants, is beyond
question. But this fact does not justify the contention of
appellant. The only change brought about by the re-
formed practice shown by these adjudications is to make
the rule which formerly applied only in equity applicable
to all classes of cases. But the rule in equity did not al-
low a recovery against a party who had been jointly sued
without showing a liability against him. If a suit were
brought against several defendants, and the proofs de-
veloped the fact that only a part were liable, a judgment
would be rendered against them, and in favor of the others.
It was never the rule in equity that a defendant jointly
sued was required not only to deny his joint liability but
to go further and set up affirmatively a several liability in
order to authorize him to disprove the allegations which
he had denied.

In our opinion the authorities do not establish the doc-
trine contended for by the appellant, at least it does not so
satisfactorily appear therefrom that the doctrine is as con-
tended for by him as to justify us in setting aside the rule
to the contrary established by the supreme court of this
territory in the case of *Puget Sound Iron Co. v. Worthing-
ton*, 2 Wash. T. 472 (7 Pac. 882). In that case it was

held that the denial of the making of the contract sued upon was not aided by setting up another one.

The case is not here presented of the effect of proof which tended to establish liability against one or more of the defendants, as there was no attempt to show the value of services rendered for any one of the several defendants. In cases like the one at bar a joint contract should only be found upon clear proof. It is greatly to the interest of the plaintiff to make out a joint contract, if possible, for by so doing he would be assured of being able to recover his fee for services rendered for all of the defendants, if any one of them was responsible, while if several contracts only were established he could recover his entire fee only in the event of each of the defendants being of such pecuniary ability that the judgment against him could be collected. For this reason it may well be doubted whether or not the plaintiff by his own testimony established a joint liability against the defendants, and it is clear that from such testimony, and that upon the part of the defendants, such a state of the proofs was presented that it was no abuse on the part of the trial court to find that a joint contract had not been sufficiently established to warrant the verdict rendered thereon.

The order appealed from will be affirmed.

DUNBAR, C. J., and STILES and ANDERS, J., concur.