[No. 1778. Decided September 27, 1895.]

NIC ROTTING, *Respondent,* v. JACOB CLEMAN *et al., Defendants,* J. H. RAMM, *Appellant.*

NEW TRIAL — DISCRETION OF COURT — REVIEW ON APPEAL.

A motion for a new trial is addressed to the sound discretion of the court; and the granting of a new trial on the ground of the insufficiency of the evidence to justify the verdict will not be disturbed on appeal, when there is a substantial conflict in the testimony, unless it is manifest that the discretion vested in the court was grossly abused.

Where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order will not be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated.

*Appeal from Superior Court, Kittitas County.*

*Edward Pruyn,* for appellant.

*Mires & Warner,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an action on a promissory note executed and delivered to the plaintiff by the defendants. The complaint is in the ordinary form and its sufficiency is not questioned. All of the defendants defaulted except Ramm, who filed an answer admitting the execution of the note set out in the complaint, but alleging that he signed it as a surety for the other defendants, and that he received no part of the consideration thereof, but signed said note solely for the accommodation of his co-defendants; that on or about the 1st day of February, 1894, and a long time after the note became due, he gave to plaintiff a written notice that he was surety upon the note and that he requested plaintiff to forthwith institute an action upon said promissory note; that plaintiff did not until the 21st day of June, 1894, institute any action upon said note; that the plaintiff did not within a reasonable time bring his action upon said note and prosecute the same to judgment and execution, and that defendant was thereby discharged and wholly relieved from any liability on the note. For a second affirmative defense the defendant alleged that the plaintiff did, on the 20th day of April, 1894, for a valuable consideration, without the knowledge or consent of the defendant, agree to extend to the other defendants herein the time of the payment of said note, for a period of six months from and after the 20th day of April aforesaid. The plaintiff, in his reply, denied receiving the notice mentioned in the defendant's answer and averred that after the time at which the alleged notice to sue was given by defendant to plain-

tiff, the defendant instructed the plaintiff not to sue
upon said note.

The defense of extension of time of payment seems
to have been abandoned by the defendant, and the
cause proceeded to trial upon the other issues raised
by the pleadings. A verdict was rendered by the jury
in favor of the defendant. Thereupon the plaintiff
moved for a new trial upon the grounds, (1) that the
evidence was insufficient to justify the verdict; (2)
that the verdict was against the law; and (3) error
in law occurring at the trial and excepted to at the
time. After argument and due consideration the
court sustained the motion and granted a new trial,
and the defendant appealed.

The statute (Code Proc., § 400) provides that the
trial court may set aside the verdict of a jury and
grant a new trial upon either of the grounds specified
in the motion therefor in this case. Although not
directly so stated, we gather from the record that the
motion was sustained upon the first mentioned ground,
but whether that be correct or not is immaterial, as
we will presently show. A motion for a new trial is
addressed to the sound discretion of the court and
will not be interfered with on appeal unless it is man-
ifest that the discretion vested in the court was grossly
abused. *Barnes v. Merrick*, 6 Wis. 57; *Van Valken-
burgh v. Hoskins*, 7 Wis. 496.

And where the record shows that the motion for a
new trial was made on several grounds, but does not
show upon which of them the ruling of the court was
based, the order will not be reversed if it was within
the sound discretion of the court to make it upon any
of the grounds stated. *Oullahan v. Starbuck*, 21 Cal.
414.

In this case it was within the discretion of the court

to grant a new trial on the ground of insufficiency of the evidence to justify the verdict. While it is the duty of the trial court to grant a new trial when it appears to the court that the verdict is manifestly against the weight of the evidence and the justice of the case, the rule is different in appellate courts. On appeal the orders of the trial court, in granting or refusing new trials will not be disturbed where the record shows a substantial conflict in the testimony.

Mr. Hayne, in his work on New Trial and Appeal, at § 288, says:

"Where there is a substantial conflict in the evidence the supreme court will not disturb the decision of the court below. This rule has been announced more frequently than any other rule of practice. It applies equally where the court below granted as where it denied the motion for new trial."

In this case the record discloses that there is a substantial conflict in the evidence as to all of the issues tried before the court, and under the rule above laid down and which has been repeatedly recognized by this court, the order of the court below must be affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.

DUNBAR, J., dissents.