[ No. 1880.    Decided March 5, 1896.]

WILLIAM CORBITT, *Respondent*, v. W. A. HARRINGTON *et al., Appellants.*

PLEADING — INCONSISTENT DEFENSES — SUFFICIENCY OF EVIDENCE — NEW TRIAL.

A denial of sufficient knowledge or information to form a belief as to the allegations of a complaint that the plaintiff, at the request of a firm composed of one defendant and the intestate of the other defendant, executed a written guaranty in their behalf, and an affirmative defense that, if the guaranty was executed, its execution was for the purpose of defrauding the firm or one of the members thereof, may be included in the same answer, as they are not necessarily inconsistent defenses.

Setting aside a verdict and granting a new trial is more or less a discretionary matter; and the action of the court in so doing will not be reversed, unless it clearly appears that the discretion has been abused.

An order setting aside a verdict for defendants and granting a new trial on the ground that their evidence did not sustain their affirmative defense will not be disturbed on appeal, although the only evidence of a fact essential to plaintiff's recovery was a purported signature on an instrument erroneously admitted, where no specific objection was made that the signature had not been proved.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.    Affirmed.

*Struve, Allen, Hughes & McMicken,* for appellants.

*Rothchild & Ach, Carr & Preston,* and *W. R. Bell,* for respondent.

The opinion of the court was delivered by

Scott, J.—This action was brought to recover the sum of $20,000 and interest upon an alleged guaranty claimed to have been executed by the plaintiff, for the firm of Harrington & Smith, to the London, Paris & American Bank, Limited, of San Francisco. Issue was joined and a trial had which resulted in a verdict for defendants. Plaintiff moved to set aside the verdict, and the court granted the motion, holding that the evidence in support of the defendants' affirmative defense was insufficient to sustain a verdict thereon, and that the verdict was against the evidence, and the defendants have appealed therefrom.

In settling the facts the defendants waived all benefit of the affirmative defenses pleaded, and bring the case here solely upon the question as to whether the plaintiff had introduced evidence sufficient to entitle him to recover; and as this involves a consideration of the pleadings to some extent, the parts material to this controversy will be set forth in substance:

The plaintiff's amended complaint, after alleging the existence of a co-partnership relation between W. A. Harrington and Andrew Smith at all times therein mentioned, prior to January, 1892, and that after the death of Smith the defendants Hanford and MacCulsky were duly appointed administrators of the co-partnership estate alleged in paragraph three, the execution of the written guaranty at the request of Harrington & Smith, and set forth a copy of it. Defendant Harrington answered separately from the administrators, but the answers are identical. They

denied the allegations contained in paragraph three
of the complaint by alleging want of sufficient knowl-
edge or information to form a belief, and pleaded· by
way of an affirmative defense that said guaranty was
executed in pursuance of a fraudulent conspiracy to
defraud the firm of Harrington & Smith.

. It is contended by appellants that the court erred
in setting aside the verdict on the ground that there
was no proof that either Harrington or Smith re-
quested the execution of said guaranty, or knowingly
accepted its benefits. The respondent first contends
that he had a right to treat the answers as admitting
that the guaranty had been executed at the request of
the firm of Harrington & Smith; it being contended
that the answers in denying the allegations of para-
graph three and then setting up by way·of an affirm-
ative defense that the guaranty was executed in
pursuance of a fraudulent scheme between the plaintiff
and Smith to defraud Harrington & Smith, or Har-
rington through the firm of Harrington & Smith,
were so inconsistent that they could not stand under
our code system of pleading, and that the respondent
could elect to rely upon the answers as admitting the
facts now controverted.

In the case of *Seattle National Bank v. Carter*, 13
Wash. 281 (43 Pac. 331), this court considered the
question of inconsistent defenses at length and held
in substance that a defendant could not deny a fact of
which he must have knowledge, in one part of an an-
swer, and then in an affirmative defense admit that
same fact, and still claim the benefit of the denial;
that in a verified answer a party could not assume
radically false positions. But in this case neither
Harrington nor the administrators of the copartner-
ship may have known anything of the execution of

this guaranty, or the acceptance of any benefit under
it, and they might well deny the allegations of the
complaint relating thereto by alleging want of knowl-
edge or information sufficient to form a belief, and
then plead by way of an affirmative defense that if it
was executed it was done in pursuance of a conspiracy
to defraud the firm.    There is no element of bad faith
in such defenses, much less of perjury, and good faith
is all that is required.

It is next contended by the respondent that there
was enough in the proof to show that the guaranty
had been executed at the request of Smith in behalf
of the firm, and if Smith requested it that was suffi-
cient to bind the firm unless the defense of fraud was
proven.    The examination of this question has given
the court some trouble, and we are free to say that we
are not entirely satisfied with the conclusion we have
reached, but it must be borne in mind that the setting
aside of a verdict is more or less a discretionary mat-
ter, and the action of the court in so doing should
not be reversed unless it is clearly made to appear
that the discretion has been abused.    In this case the
proofs are not all here, but the court has certified, as
is authorized under the practice, that all of the proof
introduced which was material to the plaintiff's case
is contained in the record.    There is no direct allega-
tion in the record that there was no proof that the
guaranty was executed at the request of Harrington
or Smith, or that the firm knowingly accepted its
benefits, nor is there any direct competent proof that
it was so executed.    It appears that Harrington was
attending to the firm's business at Seattle, while Smith
was looking after its interests in San Francisco.    The
record recites that "the transactions with the bank were
had in the firm name of Harrington & Smith through

Andrew Smith," but it recites that the bank received the guaranty from the plaintiff. It also contains the allegation that, "other testimony tending to support the affirmative issues pleaded by the defendants was introduced by the defense," and it is next to impossible that proof of that nature could have been introduced without showing Smith's knowledge of the guaranty, but the record contains none of it that was competent. This much additional appears: After making proof of the signature of the plaintiff thereto, the written guaranty was offered in evidence. Upon this instrument also appeared the name of Andrew Smith as a witness, but no proof was made of his signature. The defendants objected to its admission on the grounds "that the same was incompetent, and that no proper foundation had been laid therefor, and that the same had not been properly authenticated to entitle it to admission in evidence." The court overruled these objections and admitted it in evidence. No specific objection was made that the signature of Andrew Smith had not been proven, although it was within the scope of the grounds stated. This was not sufficient, especially in a case like this which attacks the discretion exercised by the court. Appellants contend that Smith's name thereto was not regarded as a part of the instrument, and that no reliance was placed thereon by the plaintiff; also, that the court expressly held, during the course of the trial, that the fact that Smith's name appeared thereon was immaterial and that it was no part of the instrument. But it is sufficient to say that this does not appear by the record. The document was admitted in evidence generally; no limitation excluding Smith's name from consideration was placed thereon. The record does

not show that anything was said with reference to it in any way.

The fact that there was no proof of this signature may have been overlooked and not specifically called to the court's attention. Evidently the court thought it was necessary to prove that the guaranty had been executed at the request of Harrington & Smith, or that the firm had knowingly accepted its benefits, because a charge to that effect was given to the jury, and proof to that end must have been made in some way, or the action of the court in setting aside the verdict on the grounds specified, viz., that there was not sufficient proof of the affirmative defenses, and that the plaintiff had proved enough to entitle him to recover, was utterly inconsistent with the charge.

. Now, conceding that the guaranty was erroneously admitted in evidence, it *was* in evidence, without limitation, and the jury were bound to consider it for what it purported to show. The error in admitting it was one of law, and the jury could neither rectify nor override it for they were bound to accept the law as laid down by the trial judge. If the jury were bound to consider this document as some proof of all it purported to show, the court was, in considering the evidence upon the motion for a new trial, entitled to treat it likewise, and we are of the opinion, under all of the circumstances, that the court must have so treated it, and that the specific point, that there was no proof of Smith's signature, had not been called to his attention, and we will not presume that it was in this instance from the general objection that was made to its admission, as, by affirming the judgment rendered, the cause simply stands for a re-trial, while by reversing it the plaintiff might be barred of all remedy. We are influenced to some extent in so hold-

ing by the fact that the granting of a new trial is largely vested in the discretion of the lower court, and we are not entirely satisfied that the appellants have made out a sufficient case to show that it was wrongly exercised.

We have not overlooked appellants' further contention that there was no proof that the indebtedness was due when paid by the plaintiff under the guaranty, but we do not regard this contention as being as well sustained as the one discussed, and are of the opinion that there is enough to show *prima facie* that the debt was due when paid, from the general trend of the proof sent up.

Affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.