[No. 2749.  Decided October 28, 1897.]

McBroom & Wilson Company, *Appellant*, v. J. E. Gandy *et al.*, *Respondents*.

APPEAL — SERVICE OF MOTION FOR NEW TRIAL — DISCRETION OF COURT AS TO GRANTING NEW TRIAL.

Where it appears from the record that a motion for a new trial was filed and notice of the motion served upon the same day, and there is nothing to show that the service preceded the filing, the service must be deemed sufficient.

The action of the lower court in granting a new trial will not be reviewed on appeal, unless there appears to be an abuse of the discretion vested in the lower court in such matters.

Appeal from Superior Court, Spokane County.—Hon. W. E. RICHARDSON, Judge. Affirmed.

*McBroom & McBroom,* for appellant.

*Jones, Voorhees & Stephens, Adolph Munter,* and *Feighan & Ludden,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellant, plaintiff in the lower court, appeals from an order setting aside a verdict of the jury in its favor and awarding a new trial. In this court he assigns two grounds of error: (1) That neither the notice of motion nor the motion itself was served after the filing thereof. (2) "That the court erred in granting a new trial for the reason that the verdict was supported by the evidence and no prejudicial error was committed at the trial."

As to the first assignment, the record shows that the notice of motion for a new trial was filed with the clerk of the superior court April 3, 1897, at 10 o'clock a. m., and the notice itself bears this indorsement: " Service accepted this 3d day of April, 1897. *McBroom & McBroom,* Attorneys for Plaintiff." It cannot be said from the record that the service preceded the filing, and within the rule adopted by this court in *Turner v. Bailey,* 12 Wash. 634 (42 Pac. 115), the service was sufficient.

As to the remaining ground, we have repeatedly held that "the granting of a new trial is a matter addressed largely to the discretion of the lower court," and that the order of the court thereon will not be disturbed except for an abuse of discretion. *Rinehart v. Watson,* 11 Wash. 526 (40 Pac. 127); *Corbitt v. Harrington,* 14 Wash. 197 (44 Pac. 132); *Rotting v. Cleman,* 12 Wash. 615 (41 Pac. 907); *State v. Symes,* 17 Wash. 596 (50 Pac. 487).

In *Rotting v. Cleman,* it was said:

"On appeal the orders of the trial court, in granting or refusing new trials, will not be disturbed where the record shows a substantial conflict in the testimony."

We also think that the charge to the jury was not in harmony with the views expressed by this court in *Nelson v. Flagg, ante,* p. 39.

For these reasons the order appealed from is affirmed.

Scott, C. J., and Reavis, Anders and Dunbar, JJ., concur.