[No. 3525.  Decided June 30, 1900.]

JAMES O'ROURKE, *Appellant,* v. ARTHUR D. JONES *et al.,*
*Respondents.*

NEW TRIAL—DISCRETION OF COURT—CONFLICTING EVIDENCE.

The action of the trial court in granting a new trial is not an abuse of the discretion conferred on the court in such matters, where there was a substantial conflict in the evidence submitted to the jury.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Lewis & Lewis,* for appellant.

*Adolph Munter* and *W. J. Thayer,* for respondents.

The opinion of the court was delivered by

WHITE, J.—This was an action to recover from respondents the sum of $383 and interest, on a contract in writing between the appellant and Arthur D. Jones & Co. for the purchase and lease of certain real estate. On the making of the agreement, appellant was to pay $300 on the contract, and to assume a certain mortgage, and to pay the balance in certain annual installments. The contract was

made on the 21st day of September, 1898, and by the terms thereof the lease of the land adjoining the land contracted to be sold was to be obtained and possession given within a few days; otherwise, the $383 hereinafter mentioned was to be returned to the appellant within a reasonable time. On the execution of the contract the appellant indorsed to respondents a draft for $383, which respondents were to collect, and apply $300 on the purchase and lease, the remainder to be returned to appellant. The defense was that, after the making of the contract, and on the same day, the appellant, without any excuse, refused to further proceed with his contract, and that, within a reasonable time after the making of the contract, respondents tendered the deed and lease of said land and $83, the balance collected on said draft, to appellant, but he refused to receive and accept the same and complete said contract. The case was tried before a jury and a verdict for $398.64 in favor of appellant was rendered.

A motion was made by respondents to set aside the verdict and grant a new trial on the grounds of excessive damages given under the influence of passion and prejudice, error in the assessment of the amount of recovery, the same being too large, insufficiency of the evidence to justify the verdict, and that the verdict was against the law, and errors in law occurring at the trial and excepted to. On the 10th day of July, 1899, the motion was heard, and the court below granted the same, set aside the verdict, and ordered a new trial. From this order this appeal is taken.

The evidence on the matters at issue was very conflicting. If anything, the weight thereof seems to be in favor of the contention of the respondents. The granting of a new trial under such circumstances is within the discretion of the trial court; and, as the appellant has well said in his brief: "Where there is a substantial conflict in evi-

dence, the supreme court will not disturb the decision of the court below. ˙ This rule has been announced more frequently than any other rule of practice. It applies equally where the court below granted as where it denied the motion." *Rinehart v. Watson,* 11 Wash. 526 (40 Pac. 127); *Corbitt v. Harrington,* 14 Wash. 197 (44 Pac. 132); *State v. Symes,* 17 Wash. 596 (50 Pac. 487); *McBroom & Wilson Co. v. Gandy,* 18 Wash. 79 (50 Pac. 572).

Under the view we take of the evidence as disclosed in the record, there was a substantial conflict therein, and there was no abuse of discretion by the lower court in granting a new trial.

The order setting aside the verdict and granting a new trial is therefore affirmed.

DUNBAR, C. J., and ANDERS, REAVIS and FULLERTON, JJ., concur.