[No. 3105.  Decided March 11, 1901.]

N. H. LATIMER, *Appellant,* v. CHARLES H. BLACK, *Respondent.*

NEW TRIAL — ABUSE OF DISCRETION.

The action of the trial court in granting a new trial cannot be considered as an abuse of discretion, when there was a substantial conflict in the testimony, and there is nothing in the record disclosing that the new trial was granted because of a misconception of the law applicable to the case.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Affirmed.

*Blaine & De Vries* and *Stratton & Powell,* for appellant.

*Ira Bronson,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—In this case it appears that respondent, Black, had in his possession, as collateral to secure the payment of a certain note for $600, warrants aggregating $845.15, purporting to have been issued by Chehalis county. The note for which the warrants were held as collateral was made by one Jameson to F. W. Baker, and by Baker indorsed and sold to respondent, Black. When the note was sold the collateral was transferred. The warrants were subsequently sold to N. H. Latimer, the note held by Black satisfied, and the residue paid to Jameson; a commission (divided between Baker and one Goodfellow) being reserved from the payment made to Jameson. Upon discovery that the warrants were forgeries, Latimer demanded re-payment from Black, and brought this action to recover the full amount of the purchase money, alleging that Black had, as principal, sold him the warrants

in question. Issue was joined on plaintiff's allegations, and a trial was had May 9 and 10, 1898. The jury found for plaintiff, Latimer, in the full amount of his demands, $845.15, and the defendant moved for new trial on all statutory grounds. The court granted the motion conditionally, the preliminary order being as follows:

"Defendant's motion for a new trial granted unless plaintiff consent to accept in lieu of the amount assessed by the jury the sum of $600 and interest, and remit all above said amount."

Plaintiff refused to remit, and final order was entered as follows:

"This cause having come on regularly for trial on the 9th day of May, 1898, plaintiff being present in court, in person and by his counsel, and the defendant being also present in court and by his counsel, and the jury being empaneled to try the cause, and said jury having heard the evidence offered on behalf of the plaintiff and defendant, respectively, and having heard the argument of counsel, and the instructions of the court, retired to consider their verdict, and thereafter returned their verdict into the court against the defendant, Charles H. Black, and in favor of the plaintiff, N. H. Latimer, for the sum of eight hundred and forty-five and 15-100 dollars, with interest from the 20th day of December, 1895. Thereafter defendant duly served and filed his motion for a new trial herein, which came on for hearing before this court on the 21st day of May, 1898, and was by the court taken under advisement; and thereafter on the 11th day of July, 1898, it was ordered by the court that said motion for a new trial be granted unless the plaintiff consent to accept in lieu of the amount assessed by the jury in their said verdict the sum of $600 with interest thereon at legal rate from the 20th day of December, 1895, and remit all of said verdict above said amount.

"The plaintiff now in open court having refused to remit any portion of said verdict, or to accept in lieu of the

amounts so assessed by the jury the sum of $600 and interest as aforesaid, it is considered and adjudged by the court that the said motion of the defendant for a new trial herein be, and the same is hereby, granted, and that the said verdict be, and the same is hereby, set aside and vacated, and that a new trial herein be had."

From this order the plaintiff has appealed.

The doctrine that the discretion of the lower court in granting a new trial will not be reviewed except in case of abuse is too well settled in this state to be disturbed, even if it were desirable to change the rule. *Holgate v. Parker,* 18 Wash. 206 (51 Pac. 368) ; *McBroom & Wilson Co. v. Gandy,* 18 Wash. 79 (50 Pac. 572), and cases therein cited.

It is equally well settled that, if the record discloses a substantial conflict in the testimony, this court will not declare an abuse of discretion. *Rotting v. Cleman,* 12 Wash. 615 (41 Pac. 907), cited and approved in *McBroom & Wilson Co. v. Gandy, supra.*

It is urged by the learned counsel for appellant that the above recited order of the lower court takes this case out of the rule, for the alleged reason that it appears upon its face that the court proceeded upon the assumption that the appellant could not legally recover from the respondent more than the amount which the latter actually received from the proceeds of the warrants, viz., $600, together with interest thereon at the legal rate; and it is insisted that the court's view of the law was erroneous, and that a new trial was therefore granted solely upon a misconception of the law applicable to the case. We are unable to agree with this contention. As matter of fact, it clearly appears from the record that the court instructed the jury to the effect that, if they found for the plaintiff (appellant), their verdict should be for the whole amount

paid by him for the warrants, with legal interest thereon from the date of purchase. The instructions given to the jury were submitted by counsel for appellant, and, of course, were in accordance with their views of the law of the case; and authorities are cited which seem to support the rule laid down by the court in its instructions to the jury. From what we have said, it is apparent that the court below entertained at the trial no uncertain opinion as to the amount, if any, recoverable by appellant; and we find nothing in the record warranting the conclusion that it changed its opinion in that regard at the hearing of the motion for a new trial.

It may be admitted that, when the lower court gives a legal conclusion as a reason for allowing a new trial, this court will review the reason and conclusion so given, but this is not such a case; and this court will not assume that the lower court entered the order above set out from pure reasons of law, unless the record so discloses. In other words we will not infer from the court's order, in view of the whole record, that its action was taken upon legal considerations, and not because of dissatisfaction with the finding of the jury on the facts. For aught that appears in the record, the trial court may have been of opinion that the testimony, as introduced, did not justify a verdict in a sum greater than $600. The record shows that there is a substantial conflict in the testimony. Beyond this we do not inquire, for we have nothing to do with the merits of the case at this time.

It appearing that there has been no abuse of the discretion of the lower court, the judgment is affirmed.

REAVIS, C. J., and DUNBAR, J., concur.