[No. 3550.    Decided September 13, 1901.]

E. C. HUGHES, *Appellant,* v. DEXTER HORTON & Co., BANKERS, *Respondent.*

NEW TRIAL—CONDITIONED ON REMISSION OF PORTION OF VERDICT—
   DISCRETION OF COURT.

The action of the trial court in granting a new trial upon the refusal of plaintiff to comply with a condition made by the court requiring him to remit a portion of his verdict is not an abuse of discretion, where the evidence is conflicting. (DUNBAR, J., dissents.)

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.    Affirmed.

*Preston, Carr & Gilman,* for appellant.

*Stratton & Powell,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an appeal from an order granting a new trial. The appellant, who was plaintiff below, brought the action against the respondent alleging that between certain dates, at the instance and request of the respondent, he rendered professional services for it as an attorney and counsellor-at-law in a certain action waged in the superior court of the state of Washington for the county of King, in the circuit court of the United States for the district of Washington, and in the United States circuit court of appeals for the Ninth circuit, in which the respondent was plaintiff and one W. P. Sayward and others were defendants, and also in a certain other action prosecuted to collect the judgment rendered in the first action, and in and about the settlement of the last named action; averring that such services were reasonably worth

the sum of fifteen thousand dollars, of which five hundred dollars only had been paid. The answer put in issue both the contract of hire and the reasonable value of the services rendered. The respondent contended and sought to show that the appellant was employed by the copartnership of Harrington & Smith, who were primarily liable for the debt to the respondent, and who had a direct interest in the prosecution of the action. It sought to show further that the appellant was but associate counsel in the case, and that the great burden of work fell upon its regular counsel, who were associated with the appellant during the entire litigation. On all of the issues the evidence was conflicting. The cause was tried to a jury, which returned a verdict for the appellant for the full amount demanded, less a certain payment, conceded on the trial to be a proper credit upon the account for services. After the return of the verdict, the respondent moved for a new trial upon all of the statutory grounds. No showing of newly discovered evidence was made, and the motion was heard upon the questions presented by the face of the record. At the conclusion of the hearing the court announced that, unless the appellant would within ten days file a written remission of a sufficient sum from the amount of the verdict to reduce it to nine thousand dollars, a new trial would be granted. At the expiration of the time the appellant came into court, and announced his refusal to make the remission, whereupon a new trial was granted; the order to that effect being as follows:

"This cause came on duly and regularly to be heard, on the 17th day of November, A. D. 1899, upon defendant's motion to vacate and set aside the verdict heretofore rendered herein, and for a new trial of the above entitled action; and the court after having heard the argument of counsel, announced that unless the plaintiff would remit

the sum of $4,963.50 from the verdict heretofore ren-
dered herein and file a written remission to that effect
within ten days from said 17th day of November, 1899,
a new trial of the above entitled action would be granted.
And now, on this 27th day of November, 1899, comes the
plaintiff into open court, by his counsel, and announces
that he refuses to make the remission aforesaid, and re-
fuses to remit said sum of $4,963.50 from said verdict;

"It is therefore ordered and considered that the motion
of the defendant to vacate and set aside the verdict hereto-
tofore rendered herein, and for a new trial of the above
entitled action, be and the same hereby is granted.

"Plaintiff by his counsel, at the time of the making of
the aforesaid order, duly excepts to the same, and each
and every part thereof, and the exception is allowed by
the court.

"Done in open court this 1st day of December, 1899.

" E. D. BENSON, Judge."

This appeal is from that order.

It is the settled doctrine of this court that an order
granting a new trial, made by a trial court upon grounds
which involve the exercise of judicial discretion, will not
be reversed unless it is made to appear that such discretion
has been abused. *McBroom & Wilson Co. v. Gandy,* 18
Wash. 79 (50 Pac. 572); *Holgate v. Parker,* 18 Wash.
206 (51 Pac. 368); *Latimer v. Black,* 24 Wash. 231 (64
Pac. 176), and cases cited. We have also held that it is
a matter within the discretion of the trial court to grant
a new trial on the ground that the damages awarded by
the verdict of the jury are excessive (*Kohler v. Fairhaven,
etc., Ry. Co.,* 8 Wash. 452, 36 Pac. 253, 681); also,
that it is within the discretion of the trial court, in an ac-
tion for a money judgment, to grant or refuse to grant a
motion for a new trial based upon the ground that the
amount of the verdict is excessive, on condition that the
party recovering refuses to remit or remits such portion

of the verdict as the trial court deems in excess of the amount warranted by the evidence. *Kohler v. Fairhaven, etc., Ry. Co., supra; Winter v. Shoudy*, 9 Wash. 53 (36 Pac. 1049); *Rigney v. Tacoma Light & Water Co.*, 9 Wash. 245 (37 Pac. 297); also, that the order of the trial court granting a new trial on the ground that the verdict is not sustained by the evidence will not be disturbed where the record shows a substantial conflict in the testimony. *Rotting v. Cleman*, 12 Wash. 615 (41 Pac. 907) *McBroom & Wilson Co. v. Gandy, supra; Bender v. Rinker*, 21 Wash. 636 (59 Pac. 504).

The principles announced in these cases, it seems to us, control in the case before us, and reduce the questions presented by the record to the single one, namely, is there a substantial conflict in the evidence as to the value of the appellant's services? This question must be answered affirmatively. It is true that the respondent's evidence concedes that the services of the appellant were valuable, and that if he is entitled to recover at all he is entitled to recover at least six thousand dollars. But for anything above this sum there is a substantial conflict, even among the expert witnesses. It is argued, however, that it is an abuse of discretion on the part of the trial court to set aside a verdict which is supported by a preponderance of the evidence, and that it is not accurate to say that an appellate court will affirm such an order merely because it finds a substantial conflict in the evidence. But the very question in dispute is, which way does the evidence preponderate? The duty to determine this devolves first upon the jury when the question is submitted to them at the trial; next upon the trial court when the sufficiency of the evidence to support the verdict is challenged. But it is no part of the duty of an appellate court in this class

of actions to weigh evidence. The record comes before it to be searched for errors of law. When the jury and the trial court disagree as to the side upon which the evidence preponderates, the appellate court cannot determine the question without a retrial of the cause upon the evidence. As it has no power to do this, it must accept the conclusion of the trial court, unless it finds upon an inspection of the evidence that there is no substantial evidence supporting such conclusion. In other words, the appellate court views the evidence in the same light that it does when the question comes before it from the verdict of the jury. It must be able to say, as a matter of law, that there is no substantial evidence in the record supporting the finding of the trial court. Hence, if there is a substantial conflict in the evidence, it cannot say that it was an abuse of discretion on the part of the trial court to grant a new trial on the ground that the evidence was insufficient to justify the verdict.

These considerations render it unnecessary to discuss the remaining questions suggested at the argument.

The order will stand affirmed.

REAVIS, C. J., and WHITE and ANDERS, JJ., concur.

DUNBAR, J. I dissent. It is no more the province of the superior court to weigh the testimony than it is of the supreme court. Such a construction of the law destroys the efficacy of the jury.