[No. 4715. Decided March 14, 1904.]

CHARLES P. WELEVER *et al., Appellants,* v. ADVANCE SHINGLE COMPANY, *Respondent.*[1]

EVIDENCE—VARYING WRITING BY PAROL—CONTEMPORANEOUS ORAL AGREEMENT—ORAL SALE OF TIMBER.   Where a written bill of sale of a shingle mill makes no mention of standing timber, evidence of an oral sale of such timber made at the same time as the purchase of the mill does not contradict or vary the terms of the writing and is admissible, since the sale of the timber is not embraced in the writing.

SALES—OF STANDING TIMBER BY PAROL—LICENSE TO CUT.   The parol sale of standing timber, when acted upon, amounts to a license to cut and remove the timber, which thereupon becomes the property of the licensee.

NEW TRIAL—INSUFFICIENCY OF THE EVIDENCE—DISCRETION OF LOWER COURT.   Insufficiency of the evidence to sustain the verdict is ground for a new trial although there was some evidence to sustain the verdict, and the granting of a new trial upon conflicting evidence will not be disturbed except for abuse of discretion.

Appeal from an order of the superior court for Snohomish county, Denney, J., entered January 9, 1903, granting defendants' motion for a new trial, after the verdict of a jury rendered in favor of the plaintiff for $600 damages for cutting timber.   Affirmed.

*A. M. Abel* and *McMurchie & Bundy,* for appellants.

*G. M. Emory* and *McGuinness & Miller,* for respondent.

HADLEY, J.—Appellants brought this action to recover damages from respondent for alleged wrongful cutting of timber upon appellants' lands, and for the value thereof. Respondent answered, setting up facts under which it claims to have been the owner of the timber, with license to remove it from the land.   A trial was had before a jury,

[1]Reported in 75 Pac. 863.

and a verdict was returned in favor of appellants for the
sum of $600. Respondent moved for a new trial and the
same was granted on the ground, as stated in the court's
order, that the evidence was insufficient to justify the ver-
dict, and that it is against the law. This appeal is from
said order, and it is assigned that the court erred in setting
aside the verdict and in granting a new trial.

For a time prior to December 3, 1900, appellant Charles
P. Welever owned, jointly with others, a certain shingle
mill, which was located upon the tract of land whereon
stood this timber which is in dispute. On that date he
executed a written bill of sale to M. J. McGuinness for all of
his interest in and to the shingle mill, including, by special
mention, the machinery, dry kiln, and all buildings con-
nected with the mill. McGuinness was the transferee in
trust, only, for certain others, who were the real purchasers,
and who caused the transfer to be so made and held until
they could incorporate the respondent company. Said pur-
chasers afterwards became incorporators of the respondent
company, and the said interest was then transferred to it.
In said bill of sale no mention is made of any transfer of
timber, but it is claimed by respondent, and there is con-
siderable evidence to the effect, that said appellant took the
mill purchasers over the land, showed them the timber, and
urged, as an inducement for the purchase of the mill, that
the timber would be transferred to the purchasers. There
is also evidence, that said appellant represented to the pur-
chasers that he and his associates were the owners of the
timber; that it was agreed throughout the negotiations that
the timber should pass to the purchasers, and that, but for
such representations and agreement, the purchasers would
not have bought the mill. There is also evidence that,
when the purchase was made, the purchasers assumed and
agreed to pay certain obligations of Welever and his asso-

ciates, among which was a balance due from the latter to their own vendor for the purchase price of this timber, and that respondent did pay said sum to the former owner of the timber on account of said obligation of Welever and his associates.

Appellants urge that, inasmuch as no mention is made of the timber in the written bill of sale, it was therefore improper to admit any testimony bearing upon this subject, for the reason that its effect was to contradict and vary the terms of the written instrument. If appellants' position is correct, it follows that the court should not have considered any of that evidence in passing upon the motion for a new trial. We believe the evidence admitted in this case does not come within the classification of parol evidence which contradicts or varies the terms of a written instrument. It is true, the bill of sale is complete in itself, but that fact is not inconsistent with the parties having entered into a verbal agreement, at the time of the execution of the writing, touching a subject not embraced in the writing.

"Again, the parties to a written agreement which is complete in itself may at the time of its execution or previously have entered into a collateral parol agreement concerning some matter on which the instrument is silent, and the rule does not preclude the proof of such collateral agreement provided no attempt is made to vary or contradict the writing." 21 Am. & Eng. Enc. Law (2d ed.), 1904.

The decisions of many states are cited in support of the above.

"The written contract (exhibit A) does not refer to the matter of the sale of the old machine and the evidence as to the rescission of that sale falls within the familiar rule that parol evidence is admissible to prove an oral agreement relating to a different subject matter from that covered by the written contract, although both contracts may be parts of the same transaction." Lynch v. Curfman, 65 Minn. 170, 174, 68 N. W. 5.

Appellants, however, make the further contention that, granting the contract to have been as respondent insists, it was nevertheless void, under the statute of frauds, in so far as there was an attempt by parol to sell the timber. It is conceded that there is conflict of authority upon this subject, it being held in some states that a sale of growing trees is not a sale of an interest in lands, and that it may be made by parol, while a contrary doctrine prevails in other states. However, even where it is held that a sale of growing trees is a sale of an interest in lands, which must be transferred by deed, it is also held that an attempted sale by parol, when acted upon, amounts to a license to cut and remove the timber, and that, when so cut, it becomes the property of the licensee. *Pierrepont v. Barnard,* 6 N. Y. 279; *White v. King,* 87 Mich. 107, 49 N. W. 518; *Lillie v. Dunbar,* 62 Wis. 198, 22 N. W. 467; 1 Washburn, Real Property (5th ed.), 15.

The evidence admitted in the case at bar was not only to the effect that the parol license existed, but also that it was executed by the cutting and removal of the timber. It was therefore competent evidence, under the above rule, and if true, then, under the representations, appellants are now estopped to claim as against the purchasers, and respondent as successor in interest, that the license was not given, or that they were not, at the time, actual owners of the timber, with full power to sell it.

For the foregoing reasons, we shall consider the criticized evidence for the purposes for which it was introduced. Inasmuch as there was conflict in the evidence, it becomes a question to what extent this court will review the action of the trial court in granting a new trial. Appellants urge that it is the province of the jury to pass upon the evidence, and that it is error to grant a new trial for insufficiency thereof, when there is any evidence to support the verdict.

If the evidence heretofore mentioned was true, then the verdict was wrong, and the new trial should have been granted. "Insufficiency of the evidence to justify the verdict" is, by statute, expressly made a ground for new trial. § 5071, Bal. Code. The statute does not say that such ground shall not be considered when there may be some evidence in support of the verdict. Evidently the exercise of discretion is lodged with the trial court, who hears and observes the witnesses, and who is therefore able, from much experience, to estimate the value of the testimony. It would divest the trial court of the right to exercise what is often a wholesome discretion, if it should be held that a new trial should not be granted for insufficiency of evidence when there is any evidence whatever to support the verdict. The appellate court should, therefore, not review the discretion of the trial court in such a case further than to determine whether the proper discretion in the premises has been abused. *Trumbull v. Jackman,* 9 Wash. 524, 37 Pac. 680; *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Corbitt v. Harrington,* 14 Wash. 197, 44 Pac. 132; *McBroom etc. Co. v. Gandy,* 18 Wash. 79, 50 Pac. 572; *O'Rourke v. Jones,* 22 Wash. 629, 61 Pac. 709; *Latimer v. Black,* 24 Wash. 231, 64 Pac. 176; *Hughes v. Dexter Horton Co.,* 26 Wash. 110, 66 Pac. 109.

In several of the above cases it is held that, when there is a substantial conflict in the evidence, this court will not hold that the discretion of the trial court is abused by the granting of a new trial. Within the rule above discussed, there is nothing in this record to show that the lower court abused its discretion in granting the new trial.

The judgment is therefore affirmed.

FULLERTON, C. J., and ANDERS and MOUNT, JJ., concur.