[No. 5916. Decided February 26, 1906.]

CLAUDE C. COLVIN, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL. Where a motion was made for a new trial upon several grounds, it not appearing upon which of them the ruling of the court was based, the action of the court in granting a new trial should not be disturbed on appeal if it can be sustained, or was within the discretion of the court, upon any of the grounds stated.

Appeal from an order of the superior court for King county, Morris, J., entered July 3, 1905, granting a new trial, after a trial on the merits and the verdict of a jury rendered in favor of the plaintiff in an action to recover damages for ejection from a train. Affirmed:

*Rossman & Johnson,* for appellant.

*Carroll B. Graves,* for respondent. An order granting or refusing a new trial will not be disturbed where there is a substantial conflict in the testimony. *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *McBroom & Wilson Co. v. Gandy* 18 Wash. 79, 50 Pac. 572; *State v. Symes,* 17 Wash. 596, 50 Pac. 487; *Friedman v. Manley,* 21 Wash. 43, 56 Pac. 832; *Bender v. Rinker,* 21 Wash. 636, 59 Pac. 504; *Hughes v. Dexter Horton Co.,* 26 Wash. 110, 66 Pac. 109; *Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac. 863; *Brennan v. Seattle,* 39 Wash. 640, 81 Pac. 1092. It is within the

[1]Reported in 84 Pac. 616.

discretion of the court, and will not be interferred with in the absence of abuse. *Rinehart v. Watson,* 11 Wash. 526, 40 Pac. 127; *Bracka v. Fish,* 28 Wash. 410, 68 Pac. 872; *Corbitt v. Harrington,* 14 Wash. 197, 44 Pac. 132; *Trumbull v. Jackman,* 9 Wash. 524, 37 Pac. 680; *O'Rourke v. Jones,* 22 Wash. 629, 61 Pac. 709; *Latimer v. Black,* 24 Wash. 231, 64 Pac. 176; *Holgate v. Parker,* 18 Wash. 206, 51 Pac. 368. If there is any theory upon which it can be reasonably sustained, the order should be affirmed. *Trumbull v. Jackman, supra.* The evidence did not support the allegations of the complaint. *Redford v. Spokane St. R. Co.,* 9 Wash. 55, 36 Pac. 1085; *Albin v. Seattle Electric Co.,* 40 Wash. 51, 82 Pac. 145.

DUNBAR, J.—This acton was brought by the appellant to recover from the respondent $1,950, damages for injuries alleged to have been sustained by appellant in consequence of the careless, negligent, wanton, and wrongful acts of the respondent, its agents, servants, and employees, in throwing off appellant from one of its passenger trains. The jury returned a verdict for $675, in favor of the appellant, and upon motion of the respondent, a new trial was granted by the court. From the order of the court granting a new trial, this appeal is prosecuted.

There is no particular assignment of error made by the appellant in his brief, but it can be gathered from the whole tenor of the brief that the contention is that the court erred in granting a new trial, for the reason that the evidence was not sufficient to sustain the verdict which he had received at the hands of the jury. This judgment must be affirmed for two reasons. In the first place, it does not appear from the record brought here by the appellant upon what ground the motion for a new trial was granted. The motion stated the ordinary statutory grounds. The order granting the new trial was a general order. All intendments are in favor of the judgment, and there is nothing to indicate whether

the motion was granted for the reason that the weight of evidence was against the verdict, or for irregularity in the proceedings of the court and of the jury by which the defendant was prevented from having a fair trial, because there was newly discovered evidence material for the defendant which it did not and could not with reasonabl‸ dilgence have discovered and produced at the trial, or on account of excessive damages appearing to have been given under the influence of passion and prejudice, all of which were incorporated in the motion, or for other errors in law occurring at the trial and excepted to at the time by the defendant, which was also another ground of the motion.   If the judgment can be sustained on any ground, it will not be reversed; and before a judgment is reversed, it must affirmatively appear that error was committed.   That error was committed does not affirmatively appear by the record in this case.   It was said by this court, in *Trumbull v. Jackman,* 9 Wash. 524, 37 Pac. 680, that if there is any theory upon which the action of the lower court can be reasonably sustained, the order should be affirmed.   And this question was passed upon directly by this court in *Bender v. Rinker,* 21 Wash. 636, 59 Pac. 504, where it was held that the action of the superior court in granting a new trial would not be reviewed on appeal, when the record did not disclose the grounds upon which the action of the court was based.   In that case it was said:

"Under the circumstances, we are unable to determine upon which ground of the motion the new trial was granted.   If it was because of the alleged insufficiency of the evidence to justify the verdict, that was a matter within the discretion of the lower court, who heard and saw the witnesses; and the conclusion reached thereon would not be disturbed by⸱ this court, excepting for an abuse of discretion, and where, as here, the evidence at the trial is conflicting this court will not disturb the conclusion of the trial court upon such a motion. On the other hand, if it was for alleged errors of law occurring at the trial and it could be ascertained from the record

that such were the reasons for awarding the new trial, an appeal from such an order would present a clear-cut legal question, and a ruling of the lower court in such a case would not involve the exercise of any discreton, and this court would unhesitatingly review it."

In that case, as in this, the motion for a new trial was based upon the ordinary statutory grounds, and the order was in general terms, not specifying any particular ground upon which the new trial was awarded. But, even if the appellant's contention were true, that the new trial was granted upon a theory that the evidence did not sustain the verdict, still under the uniform rulings of this court, the judgment would not be disturbed, unless it appeared that the discretion vested in the court by the statute had been abused.

Subdivision 7 of § 5071, Bal. Code, provides that a new trial may be granted on motion of the party aggrieved on account of the insufficiency of the evidence to justify the verdict or other decision. Force was given to this statute by this court in *Rinehart v. Watson,* 11 Wash. 526, 40 Pac. 127, where it was held that the granting of a new trial, being a matter addressed to the discretion of the lower court, its action therein will not be disturbed when there is no showing of an abuse of discretion. This case was followed in *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, where it was held that where the record shows that the motion for a new trial was made on several grounds, but does not show upon which of them the ruling of the court was based, the order of the court will be reversed if it was within the sound discretion of the court to make it upon any of the grounds stated. In that case it was said:

"In this case it was within the discretion of the court to grant a new trial upon the ground of insufficiency of the evidence to justify the verdict. While it is the duty of the trial court to grant a new trial when it appears to the court that the verdict is manifestly against the weight of the evidence and the justice of the case, the rule is different in appellate courts. On appeal the orders of the trial court, in granting

or refusing new trials will not be disturbed where the record shows a substantial conflict in the testimony;"

citing Hayne, New Trial and Appeal, § 228, where that author says:

"Where there is a substantial conflict in the evidence the supreme court will not disturb the decision of the court below. This rule has been announced more frequently than any other rule of practice. It applies equally where the court below granted as where it denied the motion for new trial."

To the same effect are, *Corbitt v. Harrington,* 14 Wash. 197, 44 Pac. 132; *State v. Symes,* 17 Wash. 596, 50 Pac. 487; *McBroom & Wilson Co. v. Gandy,* 18 Wash. 79, 50 Pac. 572; *Holgate v. Parker,* 18 Wash. 206, 51 Pac. 368; *Friedman v. Manley,* 21 Wash. 43, 56 Pac. 832.

In *O'Rourke v. Jones,* 22 Wash. 629, 61 Pac. 709, we held that the action of the trial court in granting a new trial was not an abuse of the discretion conferred on the court in such matters, when there was a substantial conflict in the evidence submitted to the jury. To the same effect are *Bracka v. Fish,* 28 Wash. 410, 68 Pac. 872; *Latimer v. Black,* 24 Wash. 231, 64 Pac. 176; *Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac. 863; *Brennan v. Seattle,* 39 Wash. 640, 81 Pac. 1092. In fact, the ruling on this question has been uniform and frequent.

An inspection of the record showing that the evidence was conflicting, and it not appearing therefrom that the court abused its discretion in granting a new trial, the judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.