[No. 7402.  Decided September 15, 1908.]

## D. M. Angus, *Appellant*, v. Joe Wamba, *Respondent.*[1]

APPEAL—REVIEW—NEW TRIAL. The granting of a new trial without specifying the ground therefor will be affirmed on appeal if it can be sustained on any of the grounds stated in the motion.

SAME—ABUSE OF DISCRETION. The granting of a new trial on the ground of insufficiency of the evidence will be reviewed only for abuse of discretion, and abuse of discretion will not be found where the evidence was contradictory on all contested issues.

Appeal from an order of the superior court for Benton county, Zent, J., entered December 10, 1907, granting a new trial upon motion of the defendant, after a trial on the merits and the verdict of a jury in favor of the plaintiff, in an action on contract. Affirmed.

*J. W. Callicotte*, for appellant.

*Bert Linn* and *Lon Boyle*, for respondent.

PER CURIAM.—The appellant, a practicing physician and surgeon, brought this action against the respondent to recover the sum of $240, alleged to be the reasonable value of professional services rendered the respondent. The respondent, answering, admitted the performance of the services set forth in the complaint, but denied that the same were reasonably worth the sum alleged, or any sum; and by way of a counterclaim, averred that the appellant, in the rendition of the services, was guilty of gross malpractice, whereby the respondent was damaged in the sum of $5,000. The appellant filed a denial of the new matter in the answer, and on the issues thus made a trial was had to a jury, which returned a verdict for the appellant for the sum of $165. The respondent thereupon moved for a new trial, on the grounds: (1) That the jury committed error in assessing the amount of the

[1]Reported in 97 Pac. 246.

23—50 WASH.

recovery; (2) that the evidence was insufficient to justify the verdict; and (3) for error of law committed by the court at the trial of the action. At the hearing upon the motion, the court granted a new trial, making a general order to that effect without reciting the grounds upon which the order was rested. This appeal is taken from the order granting the new trial.

As the order of the court granting the new trial was general, this court will not reverse the order if there is any ground stated in the motion upon which it can be sustained. Turning to the motion, it will be observed that one of the grounds upon which a new trial was asked was insufficiency of the evidence to justify the verdict. This ground involved the trial court's discretion, which will be reviewed only for manifest abuse. An examination of the record fails to show any abuse of discretion in granting a new trial on this ground. The action was sharply contested, and the record shows contradictory evidence on all the contested issues. In such a case, it is the prerogative of the trial court to review the evidence and grant or refuse to grant a new trial as he deems the evidence will warrant. As we said in the case of *Welever v. Advance Shingle Co.*, 34 Wash. 331, 75 Pac. 863:

" 'Insufficiency of the evidence to justify the verdict' is, by statute, expressly made a ground for new trial. Sec. 5071, Bal. Code. The statute does not say that such ground shall not be considered when there may be some evidence in support of the verdict. Evidently the exercise of discretion is lodged with the trial court, who hears and observes the witnesses, and who is therefore able, from much experience, to estimate the value of the testimony. It would divest the trial court of the right to exercise what is often a wholesome discretion, if it should be held that a new trial should not be granted for insufficiency of evidence when there is any evidence whatever to support the verdict. The appellate court should, therefore, not review the discretion of the trial court in such a case further than to determine whether the proper discretion in the premises has been abused. *Trumbull v. Jackman*, 9 Wash. 524, 37 Pac. 680; *Rotting v. Cleman*, 12

Wash. 615, 41 Pac. 907; *Corbitt v. Harrington,* 14 Wash. 197, 44 Pac. 132; *McBroom etc. Co. v. Gandy,* 18 Wash. 79, 50 Pac. 572; *O'Rourke v. Jones,* 22 Wash. 629, 61 Pac. 709; *Latimer v. Black,* 24 Wash. 231, 64 Pac. 176; *Hughes v. Dexter Horton Co.,* 26 Wash. 110, 66 Pac. 109. In several of the above cases it is held that, when there is a substantial conflict in the evidence, this court will not hold that the discretion of the trial court is abused by the granting of a new trial. Within the rule above discussed, there is nothing in this record to show that the lower court abused its discretion in granting the new trial."

See, also, *Wait v. Robertson Mortgage Co.,* 37 Wash. 282, 79 Pac. 926.

The judgment is affirmed.