[No. 8626. Department One. July 1, 1910.]

VINCE H. FABEN, *Appellant*, v. B. L. MUIR, *Respondent*.[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL. An order granting a new trial upon conflicting evidence will not be disturbed on appeal.

NEW TRIAL—DECISION—INCONSISTENCY. It is not inconsistent to grant a new trial upon the ground of insufficiency of the evidence and to refuse to sustain the contention that the verdict was excessive, where the issue was as to the making of a contract and the excessiveness of the verdict depended on such issue.

Appeal from an order of the superior court for King county, Gay, J., entered December 11, 1909, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Kerr & McCord*, for appellant.

*Will H. Thompson*, for respondent.

PER CURIAM.—The appellant sued the respondent, claiming a balance due upon an account for services as an attorney. Issue was taken upon the allegations of the complaint and the cause tried before a jury, who returned a verdict in the appellant's favor. The respondent thereupon moved for a new trial, setting up the various statutory grounds therefor, which motion the court granted on the specific ground that the evidence was insufficient to support the verdict. From the order granting a new trial, this appeal is taken.

In the early case of *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, this court announced the rule that it would not disturb the order of a trial court granting a new trial on the ground that the evidence was insufficient to justify the verdict, where there was a substantial conflict in the evidence, and Mr. Hayne was quoted as saying that this rule had been announced more frequently than any other rule of practice.

[1]Reported in 109 Pac. 798.

The rule has been adhered to by us ever since, and is now the established rule of practice governing appeals in such cases. *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Welever v. Advance Shingle Co.*, 34 Wash. 331, 75 Pac. 863; *Latimer v. Black*, 24 Wash. 231, 64 Pac. 176; *Gregg v. Northern Pac. R. Co.*, 49 Wash. 183, 94 Pac. 911; *Angus v. Wamba*, 50 Wash. 353, 97 Pac. 246.

That there was a conflict in the evidence on the question of the appellant's right to recover, a most cursory examination of the record will show. Indeed, the trial occupied the time of the court for the better part of three days, and on all of the principal questions in dispute the parties were diametrically opposed to each other. In addition to this, there was much evidence of a collateral nature tending to support the several contentions of the parties. The evidence was sufficient to support a verdict for either party, and this is what is meant by a substantial dispute.

Among the grounds upon which the motion for a new trial was based was the ground that the verdict was excessive. The court refused to sustain this contention, and it was argued at bar that this ruling was inconsistent with the ruling granting a new trial, since if the verdict was not excessive it could make no difference whether or not it was sustained by the evidence. An examination of the evidence discloses, however, that the question of the excessiveness of the verdict was dependent on the view taken of the question whether there was a contract between the parties fixing the amount the appellant was to receive for his services. If there was such a contract, as the respondent contended, then the verdict was excessive; in fact the verdict should have been in his favor rather than against him. On the other hand, if there was no contract, and the appellant should be permitted to recover on a *quantum meruit*, the verdict could be said to be within the evidence introduced to show the value of the services. But as we have before intimated, the real contest was over the question whether there was such a contract, and the

record makes it clear that it was on this question that the court doubted the sufficiency of the evidence to support the finding. It would seem, therefore, that the court might overrule the motion on the first ground and sustain it as to the second, without laying itself open to a charge of inconsistency.

The judgment is affirmed.