[No. 9348. *En Banc.* April 24, 1911.]

CATHERINE WILCOX SYLVESTER, *Respondent*, v.
HARRY OLSON, *Appellant*.[1]

COURTS—RULES — OBSERVANCE — DISCRETION. It is discretionary with the trial court to require the observance of a local rule of court requiring motions to be accompanied by an affidavit that the attorney believed the motion to be meritorious.

NEW TRIAL — GROUNDS — TIME FOR MOTION — EXTENSION—"GOOD CAUSE." The trial court having inherent power to grant a new trial where the evidence is insufficient to sustain the verdict, it will be assumed therefrom that "good cause" was shown for extending the time within which to make a motion therefor.

APPEAL—REVIEW—NEW TRIAL—DISCRETION. Where the evidence is conflicting, the supreme court will not review an order granting a new trial because of insufficiency of the evidence, where there was no clear abuse of discretion.

Appeal from an order of the superior court for King county, Albertson, J., entered October 19, 1910, granting plaintiff a new trial, after the verdict of a jury rendered in favor of the defendant, in an action to recover for the use of real property. Affirmed.

[1]Reported in 115 Pac. 175.

*William Wray* and *W. R. Bell*, for appellant.
*Byers & Byers*, for respondent.

CHADWICK, J.—This is an appeal from an order granting
a new trial, after a trial before a jury and a verdict in favor
of the defendant. He appeals, assigning as error, first, that
the court erred in denying appellant's motion to strike the
respondent's application for an extension of time in which
to serve and file a motion for a new trial. Appellant depends
upon a rule of the superior court of King county, whereby it
is provided that no motion shall be filed by the clerk unless
the same shall be accompanied by the affidavit of the attorney
of record that he believes the same to be meritorious and well
founded in law. The motion in this case was not so verified.

How far local rules of procedure are to be held binding is
a question which has been variously decided by the courts of
this country. 18 Ency. Plead. & Prac., 1269. But, gen-
erally speaking, it may be said that the observance of such
rules lies within the discretion of the trial judge. We now
recall but one case in our own reports where this question was
considered. It was held, in *Washington Bank of Walla
Walla v. Horn*, 24 Wash. 299, 64 Pac. 534, that a rule
might "for good reason" be suspended, implying that the
reasons might rest *in gremio judicis*.

It is next contended that the court erred in extending the
time for serving and filing the motion for a new trial, and
in granting a new trial. Reliance is put upon Laws 1893,
page 414, § 24:

"And the court may enlarge or extend the time, for good
cause shown, within which by statute any act is to be
done, proceeding had or taken, notice of paper filed or
served, or may, on such terms as are just, permit the same to
be done or supplied after the time therefor has expired."

We think it may be assumed that no "good cause" was
shown by affidavit in this case, but the right of a trial judge
to review the evidence and to grant a new trial, when in his

judgment the evidence is insufficient to sustain the verdict, cannot be denied. This he may do in the absence of all statutes. The inherent power of the courts to grant a new trial where it appeared that an injustice had been done is recognized in the first case reported on that subject of the law. *Wood v. Gunston,* Style 466 (1655). In *Bright v. Eynon,* 1 Burr. 390, 395, Lord Mansfield said:

"The rule laid down by Lord Parker, in the case of the *Queen* against *the Corporation of Helston,* H. 12 Ann. B. R. (Luca's Rep. 202), seems to be the best general rule that can be laid down upon this subject, viz., 'doing justice to the party,' or, in other words, 'attaining the justice of the case.' The reasons for granting a new trial must be collected from the whole evidence, and from the nature of the case considered under all its circumstances."

The enumeration of grounds for a new trial "does not restrict the inherent power of the courts to relieve a party where an injustice has been done, or to grant new trials for any other sufficient cause not enumerated unless the restriction is expressed. The statutory grounds are generally so broad as to exclude all the errors, accidents and exigencies which might work injustice at the trial." 14 Ency. Plead. & Prac., 718. Wherefore, the power to grant a new trial where injustice has been done or, to put it in other words, where the testimony is insufficient to sustain the verdict, being inherent in the court, we must assume that the "cause shown" is any cause which moves the court to its conclusion, and which is not shown to be arbitrary or contrary to all the evidence. *Commonwealth v. McElhaney,* 111 Mass. 439.

Appellant contends that, inasmuch as there was evidence to sustain the verdict, the judgment should stand. It is the particular province of the trial judge to pass upon the weight of the testimony, being himself an actor in the trial, and in position to measure the personality of the witnesses. And unless the evidence be undisputed, or it appears that there has been a clear abuse of discretion, an appellate court cannot review his order when made to rest upon the ground

of insufficiency of evidence. We may grant that the evidence in this case is conflicting, but it is such conflict that calls for the rule as we have stated it, and this court has consistently affirmed the judgment of trial courts in all such cases. *Rinehart v. Watson*, 11 Wash. 526, 40 Pac. 127; *Best v. Seattle*, 50 Wash. 533, 97 Pac. 772; *State v. Symes*, 17 Wash. 596, 50 Pac. 487; *Colvin v. N. P. R. Co.*, 42 Wash. 5, 84 Pac. 616; *Corbitt v. Harrington*, 14 Wash. 197, 44 Pac. 132; *Cummings v. Sunich*, 44 Wash. 665, 87 Pac. 949; *O'Rourke v. Jones*, 22 Wash. 629, 61 Pac. 709; *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Tacoma v. Tacoma L. & W. Co.*, 16 Wash. 288, 47 Pac. 738; *Latimer v. Black*, 24 Wash. 231, 64 Pac. 176; *Holgate v. Parker*, 18 Wash. 206, 51 Pac. 368; *McBroom & Wilson Co. v. Gandy*, 18 Wash. 79, 50 Pac. 572; *Friedman v. Manley*, 21 Wash. 43, 56 Pac. 832; *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907; *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108.

Judgment affirmed.

MOUNT, MORRIS, CROW, and FULLERTON, JJ., concur.