[No. 9680.  Department One.  December 27, 1911.]

LILLIE L. McGRAW, *Respondent*, v. MANHATTAN COMPANY
*et al., Appellants.*[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL.  An order granting a
new trial on the ground of the insufficiency of the evidence to sus-
tain the verdict will not be disturbed on appeal where there was a
substantial conflict in the testimony.

Appeal from a judgment of the superior court for King
county, Ronald J., entered March 14, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
upon promissory notes.  Affirmed.

*Holzheimer & Herald,* for appellants.

*Million & Houser* and *George Friend,* for respondent.

FULLERTON, J.—The respondent brought this action
against the appellants to recover upon a promissory note,
executed by the appellant to J. W. McGraw, and by him
endorsed to the respondent.  The appellants defended on
the ground that the notes were obtained by duress and in-
timidation, and under the fear of a threatened criminal pros-
ecution.  A trial was had before the court and jury, wherein
a verdict was returned in favor of the appellants.  The re-
spondent thereupon moved for a new trial upon various stat-
utory grounds, among which was the ground that the evi-
dence was insufficient to justify the verdict.  The court
granted the motion on this specific ground, making a recital
in his order to that effect.  This appeal is from the order
granting the motion.

This court has repeatedly, and with emphasis, declared the
rule that it would not disturb the order of a trial judge
granting a new trial on the ground that the evidence was in-
sufficient to justify the verdict where it could ascertain by
an examination of the record that there was a substantial

[1]Reported in 119 Pac. 822.

conflict in the testimony. *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907; *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Latimer v. Black*, 24 Wash. 231, 64 Pac. 176; *Angus v. Wamba*, 50 Wash. 353, 97 Pac. 246; *Faben v. Muir*, 59 Wash. 250, 109 Pac. 798.

The case at bar falls within the rule. The note was executed by McGraw on behalf of himself and his co-maker; and while he testifies, on his direct examination, that he was induced to execute it by threats of prosecution made against him by the payee named in the note, and one of his former attorneys, he is contradicted on this point by both the payee and the attorney. It is true that the payee's testimony appeared by deposition taken prior to the trial, and does not specifically negative the testimony of McGraw, but it gives the payee's version of transactions leading up to the execution of the note, and this is at variance with the statements of McGraw.

But the appellants seem to think that this rule in some way deprives them of their right of trial by jury. In a case triable by jury, where a jury is insisted upon and where the evidence is conflicting, the trial judge has no authority to substitute his own judgment for the judgment of the jury; that is to say, he cannot set the verdict aside and direct a judgment for the losing party, but he may set the verdict aside and order a new trial wherever he believes that the jury have found against the weight of the evidence. How many such new trials he may grant in the same case rests largely in his discretion, but certainly he may continue to grant them until it is reasonably certain that the jury is not likely to return any other verdict.

The judgment is affirmed.

Dunbar, C. J., Gose, Parker, and Mount, JJ., concur.