[No. 10227.   Department One.   August 29, 1912.]

THOMAS & COMPANY, *Appellant*, v. WHITMAN A. HILLIS *et al.*,

*Respondents*[1]

NEW TRIAL—INSUFFICIENCY OF EVIDENCE — DISCRETION—ABUSE.
Where a new trial was granted because the evidence was insufficient
to sustain a verdict for the defendant, and the order was affirmed on
appeal, upon a retrial of the same case upon substantially the same
evidence, which was conflicting, it is an abuse of discretion to set
aside a verdict for the plaintiff as not sustained by the evidence.

BILLS AND NOTES—CONSIDERATION—EXTENSION OF TIME. An exten-
sion of time for the first payment to become due on a contract for
the purchase of land, is a sufficient consideration for a promissory
note for the amount of the payment.

Appeal from an order of the superior court for King
county, Main, J., entered January 8, 1912, granting a new
trial for insufficiency of the evidence, after the verdict of a
jury rendered in favor of the plaintiff, in an action on a
promissory note.   Reversed.

*Hamlin & Meier*, for appellant.

*Earle & Steinert* and *Peters & Powell*, for respondents.

CHADWICK, J.—A brief statement of the history of this
case is necessary.   At the first trial, Honorable Wilson R.
Gay presiding, a verdict was returned in favor of the defend-
ants.   A motion for a new trial was interposed by the plain-
tiff, and was granted by the court upon the ground that the
evidence was insufficient to sustain the verdict.   On appeal,
the order granting a new trial was affirmed (*Thomas & Co. v.
Hillis*, 64 Wash. 288, 116 Pac. 854, to which reference may
be had for a statement of the facts).   Upon remand, the case
came on for trial before the Honorable John F. Main, and the
jury returned a verdict in favor of the plaintiff.   Whereupon
defendants filed a motion for a new trial.   This motion was

[1]Reported in 126 Pac. 62.

sustained "upon the ground and for the reason of the insufficiency of the evidence to justify the verdict, and because the verdict is against the evidence and the law." From this order, the present appeal is taken.

The judgment of the lower court is justified by defendants by reference to the rule that we will not interfere with the discretion of the trial judge in granting a new trial for insufficiency of evidence to sustain the verdict, unless it is made to appear that there has been a clear abuse of discretion. The cases sustaining this principle are collected in the case of *Snider v. Washington Water Power Co.*, 66 Wash. 598, 120 Pac. 88; *McGraw v. Manhattan Co.*, 66 Wash. 388, 119 Pac. 822, and *Taylor v. Spokane, Portland & Seattle R. Co.*, 67 Wash. 96, 120 Pac. 889. It is also contended that the verdict is contrary to the law.

Addressing ourselves to the first ground relied upon to sustain the judgment, the only question is whether, admitting the rule just referred to, the present order granting a new trial was, considering the history of this case, an abuse of discretion. It seems to us that it is so. The order was not made upon the ground of surprise or newly discovered evidence, but upon the same ground that moved the court to grant a new trial after the first verdict; that is, insufficiency of the evidence to sustain the verdict. The effect of the first order and its affirmation by this court was that, in the judgment of the court, the evidence was insufficient to sustain a verdict for defendants, but was sufficient to sustain a verdict for the plaintiff. Now, upon a retrial in the same court upon substantially the same evidence and it being conflicting, a verdict for the plaintiff was returned. It would seem that there should be a time when the question of the insufficiency of the evidence to sustain a verdict is foreclosed.

While the rule is that, "in the absence of statutory prohibition, it seems that there is no limit to the number of new trials which may be granted in a cause upon proper grounds," it is only applied generally when errors of law are complained

of, for the text just quoted (14 Ency. Plead. & Prac., pp. 992, 993), continues: "But a distinction is made where the judge disagrees with the jury on questions of fact." While it is true that a different judge presided at the last trial, in theory and within the intendment of the law the trial occurred in the same court. This rule must apply. Otherwise, if a retrial occurred before a different judge, the law of the case as determined by the appellate court would never be settled. In holding that the discretion of a trial judge, when exercised in the matter of granting a new trial on the ground of insufficiency of the evidence to sustain the verdict, will not be reviewed unless an abuse of discretion be made to appear, we have said no more than this; that we will not overrule the judgment of the trial judge if by proper reference to the statement of facts it is clear that there is a conflict of evidence. If the court finds that there is, although in its judgment the weight may be against the holding of the trial judge, it will not control his discretion. But where a case comes to this court after a second trial, it would seem that a more positive duty is put upon us; that is, to ascertain from the whole record whether it is more probable that the court is correct in its holding than is the verdict of the jury. Now, there being a substantial conflict in the testimony, and being unable to say that the verdict of the jury is not sustained by a preponderance of the evidence, we are of opinion that it should prevail.

The trial judge found also that the verdict was contrary to the evidence and against the law. While this finding is embodied in the judgment, it can hardly be asserted with any show of reason that the judgment was contrary to the evidence; for, if the court found as a fact indeed that the verdict was contrary to the evidence, he would have granted defendants' motion for judgment *non obstante*. We take it, therefore, that the trial judge based his order solely on the ground that, in his judgment, the testimony of the plaintiff was insufficient to sustain the verdict. The judgment, in

form at least, says that the verdict was contrary to the law, and defendants contend that the following instruction:

"You are further instructed that if you find from the evidence that the note in suit was signed some days before the contract was signed and that the note was made and delivered for the purpose of securing an extension of time from the irrigation company on the first payment, which was, under the memorandum agreement, to be paid before the final contract should be prepared, and that by reason of the delivery of said note, the desired extension was secured and that the defendant Hillis signed the note and authorized its delivery prior to any promise to make the contract satisfactory, and solely upon the promise contained in the memorandum agreement to prepare the contract in duplicate upon the irrigation company's regular printed form embodying the terms of sale, together with its regular water agreement, then the said note was not secured or delivered without consideration, if it were delivered, and would under those circumstances be a valid obligation;"

is erroneous, and is in itself sufficient to sustain the order granting a new trial. To sustain defendants' contention, we would have to say with them that there was no evidence in the case on which to base such an instruction. As indicated above, we are unable to say this, for the testimony is not altogether one way, but, upon the very point covered by the instruction, is conflicting and uncertain.

Nor is the suggestion available that it is immaterial whether the note was given before or after the contract was signed (defendant W. A. Hillis is himself uncertain), or whether the note was signed conditionally, for the reason that the purchase price was entire and the tract of lands to be conveyed was entire, and that there could be no consideration for the note other than or different from the consideration for the payment of the balance for the entire tract. The memorandum contract, which fixed the time and terms of payment, made the first payment due February 1, and we believe the law to be—at any rate, it is the legal effect of our former decision —that an extension of the time from February 1 to March 1

is a sufficient consideration to support the promise. The evidence being conflicting, and it being held by one judge and one jury that its weight is with the plaintiff, and another judge and a jury having held that weight to be with the defendants, there must be evidence to sustain a verdict one way or the other, and there being no error of law to compel a new trial, we are of opinion that it was an abuse of discretion on the part of the trial judge to set aside a verdict rendered upon a second trial upon the ground of insufficiency of the evidence.

The judgment of the lower court is reversed, with directions to enter judgment upon the verdict of the jury.

CROW, GOSE, and PARKER, JJ., concur.