[No. 14843.    Department One.    July 31, 1918.]

# H. LANSDOWN, *Appellant,* v. ELMER C. HUFF, *Respondent.*[1]

APPEAL—RECORD—AFFIDAVITS.  Affidavits on a motion for a new trial cannot be considered on appeal unless made a part of the statement of facts.

PARTNERSHIP—LIABILITY — FACT OF PARTNERSHIP — INSTRUCTIONS. Upon an issue as to defendant's liability as a partner, it is error to instruct that defendant would be liable if plaintiff believed, or had reason to believe, that he was held out as a partner, if no partnership in fact existed and defendant had no knowledge that he was being held out as a partner.

APPEAL—REVIEW — DISCRETION — NEW TRIAL.  The granting of a new trial for insufficiency of the evidence cannot be reviewed except for manifest abuse of discretion.

Appeal from an order of the superior court for Chelan county, Grimshaw, J., entered July 2, 1917, granting a new trial, after verdict in favor of the plaintiff, in an action on contract.    Affirmed.

*Joseph H. Smith* and *Hughes, Sumner & Adams,* for appellant.

*N. M. Sorenson* and *Reeves & Reeves,* for respondent.

TOLMAN, J.—This action was brought by the appellant upon several causes of action, seeking to hold the respondent as a copartner with George H. Strevel, alleging that the respondent and Strevel were, at the time the indebtedness sued upon was contracted, copartners doing business under the name of International Brokerage Company.    The case was tried to a jury, resulting in a verdict in favor of the appellant upon each cause of action.    A motion for a new trial was made upon all of the statutory grounds, which

[1]Reported in 174 Pac. 21.

motion was by the trial court granted "upon all of the grounds set out in said motion." From the order granting a new trial, this appeal is taken, and the only error assigned is the granting of the motion for a new trial.

Affidavits were presented in the court below with reference to the alleged misconduct on the part of the jury, newly discovered evidence, etc.; these affidavits were not made a part of the statement of facts, but are brought here in the transcript, and, therefore, as has been repeatedly held, they cannot be considered. We cannot review the rulings upon any of the grounds sought to be established by the affidavits.

The trial court, no doubt through inadvertence, failed to instruct the jury as to the rate of interest, and the time from which interest should be figured; and instruction No. 18 is so worded that the jury might have concluded that the appellant was entitled to recover if he or his assignors believed, or had a reasonable right to believe, that the respondent Huff was a partner. We do not think this is the law. No matter how reasonable appellant's belief may have been, if no partnership in fact existed, and Huff had no knowledge that he was being held out as a partner, and did not hold himself out to be such, there could be no liability.

These errors in the instructions justified the granting of the motion for a new trial.

In any event, the seventh ground on which the motion for a new trial was based, "insufficiency of the evidence to justify the verdict," cannot be reviewed by this court unless there was a manifest abuse of discretion. This subject has been discussed so many times by this court that no good end can be served by a further discussion. *Thomas & Co. v. Hillis,* 70 Wash. 53, 126 Pac. 62; *Snider v. Washington Water Power*

*Co.,* 66 Wash. 598, 120 Pac. 88; *McGraw v. Manhattan Co.,* 66 Wash. 388, 119 Pac. 822; *Taylor v. Spokane, Portland & Seattle R. Co.,* 67 Wash. 96, 120 Pac. 889, and cases there cited. We are satisfied that no abuse of discretion is shown.

The order appealed from will be affirmed.

MAIN, C. J., PARKER, MITCHELL, and FULLERTON, JJ., concur.