[No. 18360.  Department Two.  March 19, 1924.]

ELMER JOHNSON, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

STREET RAILROADS (19, 30)—CONTRIBUTORY NEGLIGENCE—FAILURE TO STOP, LOOK AND LISTEN—QUESTION FOR JURY.  The driver of an automobile was not guilty of contributory negligence as a matter of law, in turning across street car tracks where, when going about three miles an hour, he gave the required signal for turning to the left across the tracks when his view of an approaching south bound street car was obstructed by·an overtaking automobile and a north bound street car.

APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL.  The denial of a new trial on the ground of false testimony by respondent is discretionary and will not be disturbed unless there was a clear abuse.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 29, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision between an automobile and a street car.  Affirmed.

*Thomas J. L. Kennedy* and *Geo A. Meagher,* for appellant.

*Jay C. Allen,* for respondent.

PEMBERTON, J.—This is an action by respondent to recover damages against the appellant for injuries sustained resulting from a collision between a street car owned by appellant and the automobile of respondent.  The facts are more particularly set forth in the former appeal of this case found in *Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417.  Judgment was entered upon the verdict of a jury in favor of respondent, from which judgment this appeal is taken.

[1]Reported in 224 Pac. 1.

Appellant states that:

"There are only two questions in this case, viz.: First, whether respondent is guilty of contributory negligence as a matter of law, and second, whether the trial court arbitrarily denied appellant's motion for a new trial based upon newly discovered evidence when uncontradicted affidavits were served and filed, conclusively showing that the respondent testified falsely in respect to the amount he earned while fishing in Alaska."

Respondent testified that he looked and could not see an approaching street car by reason of the fact that his view was obstructed. It is the contention that this testimony should not be given credence, as an examination of the physical facts will show to the contrary. It is said that, if he looked and did not see that which he should have seen, or if he looked from a place where his view was obstructed and did not take that precaution to look again before entering the zone of danger, he is in either event guilty of contributory negligence as a matter of law.

Respondent was driving his Ford truck northerly along First avenue, intending to turn toward the waterfront at Blanchard street. An overtaking automobile passed him, and this, together with a north-bound street car, obscured his vision toward the north. He testified that, as he let the automobile pass and the north-bound car proceeded ahead of him, he was proceeding at about three miles per hour, with his hand outstretched as required by ordinance, indicating his intention to turn to the left, when he was hit by a street car traveling from the north on First avenue. No bell was rung, no signal of the approach of a street car was given, and the street car was traveling about thirty miles an hour.

Appellant contends that the facts are different in

this case than they were upon the former appeal, and that under these facts respondent is guilty of contributory negligence. We are of the opinion that the facts are materially the same, and we found upon the former hearing that respondent was not guilty of contributory negligence as a matter of law.

It is claimed that a new trial should have been granted on the ground that respondent testified that he was receiving $25 a month while fishing in Alaska, when in fact he was receiving as high as $75 a month. The testimony of respondent with reference to his duties at that time was as follows: "I was partly watchman and fisherman." When asked if he received what other fishermen received, he stated that he was not able to get enough fish to amount to anything. The other fishermen received $600 or $700 each, while he received about $190 for fish and $180 for wages.

The granting of a new trial is discretionary to a large extent with the trial court, and unless it is clear that there was an abuse of discretion a new trial will not be granted. *Taylor v. Spokane, Portland & Seattle R. Co.,* 67 Wash. 96, 120 Pac. 889; *Thomas & Co. v. Hillis,* 70 Wash. 53, 126 Pac. 62; *Snider v. Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88; *McGraw v. Manhattan Co.,* 66 Wash. 388, 119 Pac. 822. And this is especially true where a jury has twice found for the plaintiff and the trial court has refused to grant a new trial.

The judgment will be affirmed.

MITCHELL and BRIDGES, JJ., concur.

MAIN, C. J., and FULLERTON, J., concur in the result.