[No. 399. Decided January 21, 1892.]

STAVER & WALKER, *Respondent,* v. T. A. ROGERS AND D. B. ROGERS, *Appellants.*

PAROL EVIDENCE—SALE—ACTION FOR PRICE—WAIVER OF CONDITIONS.

In an action upon a contract in writing, parol evidence as to representations made before its execution cannot be introduced for the purpose of contradicting or enlarging the scope of such contract, unless it is alleged in the pleadings that such contract was signed by mistake or fraud, or without full knowledge of the conditions thereof.

A contract for the sale of a traction engine contained a warranty that it was well made, of good materials, and would do as good work as any of its kind, and provided that if the machine failed to fill the warranty, written notice must be given the seller, stating the defect, and the same would be remedied, or the price returned; that one day should be allowed for trial, and the use of the machine for more than one day should be a fulfillment of the warranty. The seller extended the period of trial to ten days, and promised to remedy a leak in the boiler and the defective working of the pump, if after due trial these particular parts of the machine were still defective. The purchaser used the machine fifty-one days, never gave any absolute notice of the rescission of the contract, nor made any tender of a return of the engine until the close of the threshing season, having held the engine the entire season for threshing grain. *Held,* That in view of the express conditions of the written contract, and the slight evidence tending to show waiver thereof, the plaintiff was entitled to recover the price of the machine.

*Appeal from Superior Court Walla Walla County.*

Action by Staver & Walker, a corporation, against T. A. and D. B. Rogers, to recover the price of a traction engine. Judgment for plaintiff, and defendants appeal.

*Brents & Clark,* for appellants.

*B. L. & J. L. Sharpstein,* and *D. J. Crowley,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—Plaintiffs prosecuted this action to recover of the defendants the balance of the purchase price of a certain traction engine alleged to have been sold and delivered by them to said defendants. Said engine was delivered to said defendants in pursuance of a certain contract in writing, in words, letters and figures following, to wit:

"WALLA WALLA, WASH., May 28, 1890.

"*Staver & Walker, Portland, Oregon:*

"I hereby purchase from you upon the terms herein stated, and upon the warranty hereunder, one sixteen-horsepower, center-crank, straw-burning, self-steering traction engine, which you will please ship on or about the 11th day of June, 1890, or as soon thereafter as you can obtain transportation, for the undersigned, to Elwood, care of T. A. Rogers, for which I agree on delivery to carrier to pay the sum of two thousand one hundred dollars, as follows:

| | |
|---|---:|
| Second hand 13-horse-power engine, bought of Staver & Walker, year 1885 | $800 00 |
| One note due Nov. 1, 1890 | 650 00 |
| (With interest at 10 per cent. from date.) | |
| One note due Nov. 1, 1891 | 650 00 |
| (With interest at 10 per cent. from date.) | |
| Total | $2,100 00 |

And I further agree to settle by cash or notes, as above provided, with approved security, on delivery to carrier of machinery, and failing to pay said moneys or execute and deliver said notes, then all of said purchase price shall become due and payable at once.

"This contract of purchase is subject to approval and acceptance by Staver & Walker aforesaid, to be evidenced by them or their agent signing the same, and it being approved by Staver & Walker at Portland, Oregon. And it is understood that Staver & Walker are not to be held responsible for any delay or damage in transportation, however arising, and that no agreements, conditions, warranties or stipulations, verbal or otherwise, save those mentioned in this contract, will be recognized.

"WARRANTY.

"The above machinery is warranted to be well made, of good materials, and with proper usage to do as good work

as any of its kind manufactured in the United States.   If
the machine fails to fill the above warranty, written notice
must be given Staver & Walker, Portland, Oregon, and the
agent of whom purchased, stating wherein the machine fails
to satisfy warranty, and a reasonable time given Staver &
Walker, of Portland, Oregon, to send a competent person
to remedy the difficulty—the purchaser rendering necessary
and friendly assistance. Staver and Walker reserve the right
to replace any defective part or parts, and if the machine
then cannot be made to do good work, it is to be returned
by purchaser where received, and another substituted which
shall fill warranty, or the money and notes refunded—one
day for trial; use of the machine for more than one day
shall be a fulfillment of the warranty.   All warranties to
be invalid in case the machine is not settled for as this con-
tract provides, or if this warranty is changed, whether by
erasure, addition or waiver.                T. A. ROGERS,
                                            D. B. ROGERS.

"D. B. Rogers to endorse note due Oct. 1, 1890, only.
"Approved and accepted by Staver & Walker, Portland,
Oregon.                       FRANK D. BROWN, *Secretary.*"

The notes specified in said contract were never delivered
to the plaintiffs.

A large number of exceptions to the rulings of the court
in refusing to admit evidence offered by the defendants,
and in refusing certain instructions requested by them,
and to the giving of instructions by the court, are preserved
in the record.   It will not be necessary for us to discuss
them in detail.   The questions which they present can be
fairly disposed of by the discussion of two questions raised
by the pleadings and proofs.   The first is as to the effect
of the contract above set out, and the second is as to
whether or not said contract had been modified by an oral
arrangement between the parties after its execution, and
the effect of such modification, if any is proven.

The contention of the defendants as to the first propo-
sition above stated is, first, that it is always competent
under proper allegations in the pleadings to show the cir-

cumstances surrounding the execution of a contract in writing and the representations, if any, made by the opposite party at the time of such execution; and second, that if such is not the general doctrine, that in this case the contract is ambiguous in terms, and oral proof ought to have been admitted to explain such ambiguity.    There is no allegation in defendants' answer that at the time they signed the contract in question they did not know what they were signing, or that they were not fully advised as to the terms and conditions of said contract.    It is a well settled principle of law that all prior negotiations of the parties are merged in a contract in writing when one is entered into covering the subject-matter of such negotiations, and we are not aware of any rule which will authorize oral proof, as to representations made before the execution of such contract, to be introduced in evidence for the purpose of contradicting or enlarging the scope of such contract, without an allegation in the pleadings that such contract was in fact signed by the party making such allegations by mistake or fraud, or without full knowledge of the conditions thereof.    As we have seen, such allegations were entirely wanting in the case at bar, and we think that all representations or negotiations prior to the execution of said contract were, under the circumstances of this case, entirely immaterial, if the contract in question was unambiguous.

But the contention of the defendants is, that sufficient appears upon the face of said contract to show that D. B. Rogers, who signed the same, did not sign it as a purchaser but only as security to the extent of one of the notes therein mentioned, or that there was such vagueness and uncertainty as to these questions as to make the rule above stated inapplicable.    That said contract would have been fully satisfied by the delivery of the two notes mentioned, with only one of them signed by the said D. B. Rogers, is

undisputed, but it does not follow from such fact that in signing the contract he only became liable to the extent of one note which he was to sign.   On the contrary he became a full party to the contract and liable to the plaintiffs for a compliance therewith as fully as his co-contractor, and his liability thereon could only be discharged by the execution and delivery of both of the notes mentioned therein signed by the parties as specified.   These conditions are plain and unambiguous, and could in no wise authorize oral proof as to the intention of the parties in making the contract.   We have, perhaps, said enough to show that we are of the opinion that the court below rightfully refused to allow proofs as to the representations made by the agent of the plaintiffs before the execution of the said contract.   In addition, however, we desire to say that to allow proofs of that kind of the circumstances surrounding this case might absolutely destroy the force of the contract in writing, and open the door to fraud and perjury, which the making of the written contract was designed to prevent.   One of the conditions of the contract in question was that every representation or warranty which should have force between the parties was included therein, and that no agent of the company had any authority to change the same by any representations which he might make.   This condition, among others, was knowingly signed by the defendants.   By consenting to such stipulation they said to the plaintiffs, "we agree that all the negotiations which shall have force in regard to this contract are contained in this writing," and having voluntarily said this, it does not now lie in their mouths to offer proof to enlarge such representations.   The written contract, then, unaffected by any representations or warranties which may have been made by the agent of the plaintiffs before its execution, must determine the rights of the parties to the action.

And this brings us to the second proposition above

stated: What modifications of such contract are shown by the evidence to have been made after its execution? Testimony as to what was said by Mr. Staver, one of the plaintiffs, has some tendency to show that the condition as to one day's trial was waived, and in fact it is perhaps established that the time for trial was extended to the period of ten days. Some other statements of said Staver are relied upon to show a further waiver of the conditions of said contract, but we do not think they were of sufficient force as tending to establish such waiver to have been submitted to the jury. All that Mr. Staver said was as to a certain leak in the boiler, and as to the defective working of the pump, both of which it is alleged that he said he would remedy. But this promise on his part was coupled with the statement that he would so remedy the defects if after due trial those particular parts of the machine were still defective, but it nowhere satisfactorily appears that after that and within a reasonable time under the conditions of said contract he was advised that the defects complained of still existed; and even if his promise was an absolute one it related to such an immaterial part of the engine, taken as a whole, that we do not think it would have been sufficient to show a waiver of the conditions of the contract as to trial, and the necessity of immediate notice to plaintiffs, and the return of the engine if after such trial it proved unsatisfactory.

In addition to what Mr. Staver is alleged to have said, some proof was introduced as to knowledge brought home to Weir, the agent, and one Colwell; but there was nothing which tended to show at all the intent on the part of the defendants to rescind the contract and return the engine Besides it does not sufficiently appear that said Colwell was the agent of the plaintiffs so that they would be bound by his acts or knowledge. The undisputed proofs show that the defendants used the engine during the entire thresh-

ing season; that it furnished power for threshing some eighty-two thousand bushels of grain; that its use extended through a period of not less than fifty-one days, and that there was never any absolute notice of a rescission of the contract or a tender of the return of the engine until after the close of the said threshing season. Under these circumstances, and in view of the express conditions of the written contract and of the slight evidence introduced tending to show any waiver thereof, we are of the opinion that, excepting for one or two small matters as to the tank, etc., the court would have been justified in taking the case from the jury or instructing them to return a verdict for the plaintiffs for the amount claimed. The court, however, saw fit to submit the case to the jury upon every branch thereof, even as to the execution of the contract, which nowhere seems to have been denied by the defendants. In every aspect of the case in which we can view it, the rulings thereon were as favorable to the defendants as the law would allow, and no error appears in the record of which they can avail themselves.

The judgment must be affirmed.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.