[No. 4465. Decided September 19, 1903.]

W. J. CORBIN, *Respondent*, v. ORIENTAL TRADING COM-
PANY, *Appellant*.

EVIDENCE — PRIOR NEGOTIATIONS BEARING ON WRITTEN CONTRACT —
WHEN ADMISSIBLE.

The rule that prior negotiations will be presumed as merged in the written contract, when one is entered into, would not forbid evidence of prior negotiations where the contract is one between defendant and a third party, and the design of the evidence is to show plaintiff's part in bringing about such contract at the instance of defendant.

Appeal from Superior Court, King County. — Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*Fred H. Peterson,* for appellant.

*Kerr & McCord* and *J. B. Alexander,* for respondent.

PER CURIAM.—This action was originally brought in the superior court of King county by respondent against M. Tsukuno, C. T. Takahashi, and A. Yamaska, copartners, doing business as the Oriental Trading Company, appellant, and is so designated in the briefs of counsel. It appears from the issues as formulated by the pleadings, in connection with the evidence submitted at the trial, that on the 23d day of April, 1901, the respondent and appellant entered into a written agreement whereby respondent agreed to procure for appellant a contract with the Oregon Sugar Company of La Grande, Oregon, for the hire by the latter company of the appellant of not less than two hundred laborers for the period of at least two months, at the rate of $1.25 per day (Sundays and overtime at the rate of 16c per hour) for each laborer so furnished, together with railroad fare from the city of Seattle to La Grande. In consideration of procuring such contract, appellant agreed to pay respondent ten (10) cents per day for each laborer furnished to the sugar company, as long as he should continue in its employ, at the price of $1.25 per day. Appellant also obligated itself to pay respondent the railroad fare furnished as soon as collected from the sugar company, out of which fares the respondent was to pay appellant company the sum of two hundred and fifty dollars ($250), which might be retained by it. This contract is admitted by the pleadings. It is then alleged by respondent that he did at that date, in pursuance to such agreement, procure execution of the contract between appellant and the sugar company, with certain modifications, at appellant's instance; the material changes being an increase of the price per day from $1.25 to $1.30, to be paid by the sugar company to appellant for each laborer furn-

ished who should work for a period of not less than two months, and overtime and Sunday work to be paid at the rate of 20 cents per hour. There were also other changes as to the time for which those laborers were to be employed, and when to be furnished. It is then alleged by respondent that, in pursuance of such contract, a large number of laborers, in excess of one hundred, were furnished by appellant to the sugar company, who worked for the latter more than ninety days; that $1,500 had been collected by them from the sugar company for fares advanced to laborers. Respondent claims in addition $900, per centage for laborers furnished, making a total claim of $2,400, less $250 to be retained by appellant, leaving $2,150, the amount for which judgment is asked. Appellant, by its answer, denies these averments, except the first contract; admits that it furnished laborers to the number of ninety-six for the Sugar Company between May 1 and May 22, 1901, and that transportation was paid on that number at the rate of $9.50 per capita. A trial was had to a jury, who found a verdict in respondent's favor in the sum of $966. Instructions by the learned trial court were given fully covering all the issues involved in the cause. No exceptions were taken thereto, except the denial of appellant's request directing the jury to find a verdict in its favor.

(1) Error is alleged by appellant company on the grounds of rulings of the court below as to the admission of certain testimony; (2) that the court erred in refusing appellant's request to direct the jury to render a verdict in its favor; (3) for error in denying appellant's motion for a new trial.

While respondent was being examined in his own behalf, the following question was propounded to him by

his counsel: "I will ask you to state to the jury, Mr. Corbin, what discussion took place between Mr. Tsukuno and yourself at the time that this contract was entered into with reference to that contract of April 23d?" Appellant's counsel objected to the question, on the ground that it was irrelevant and immaterial. No objection was urged by reason of its incompetency. The court overruled the objection, appellant excepted, and witness answered. We do not think the court erred in its ruling, because the testimony sought to be introduced tended to show the efforts made by respondent to comply with his agreement between appellant and himself in procuring the contract between it and the sugar company. Mr. Corbin was not a party to this latter agreement in a sense that he should be precluded from showing, if he could, the facts and circumstances under which such instrument was entered into, and why changes were made from the original draught first submitted in support of his alleged cause of action. The case cited by appellant,—*Staver & Walker v. Rogers,* 3 Wash. 603 (28 Pac. 906),—does not apply. It relates to instances where competent parties have deliberately entered into a written contract where its terms are explicit. In the absence of fraud or mistake, all prior oral negotiations will be considered as merged in the writing. This rule is a salutary one, and is generally adhered to by the courts. There are other assignments as to errors in admitting evidence, but, in the light we view the issues involved, they do not merit further special notice. The evidence thought to be secondary was competent and relevant. Its sufficiency was therefore a matter for the jury's consideration, under proper instructions from the court. We are of the opinion, that the superior court committed no error in denying appellant's request

directing the jury to find in its favor, and in holding that there was sufficient evidence to sustain the verdict. It fully appears that the respondent was the moving spirit in bringing the parties (appellant and the Oregon Sugar Company) together; that laborers were furnished in pursuance of a contract between those parties. The appellant, having availed itself of respondent's services, should compensate him. The amount of damages awarded seems to be fully warranted by the evidence, and, as no new question was suggested on the motion for a new trial, the motion was properly overruled.

Finding no error in the record of which appellant has just or legal cause for complaint, we think the judgment of the trial court should be affirmed, and it is so ordered.