[No. 11695.  Department One.  March 24, 1914.]

FRED P. WOLFF et al., Respondents, v. J. W. LOVE, Appellant.[1]

VENDOR AND PURCHASER—REMEDIES OF VENDEE—PARTIAL RESCIS-SION—DAMAGES—FRAUD—FAILURE OF CONSIDERATION.  Whether a con-tract for a trade of lands is severable and capable of partial rescis-sion depends upon the intent of the parties; and where there was a partial failure of consideration by the fraud of one party in point-ing out the wrong lots constituting a part of the consideration, the other party may tender a reconveyance of such lots and recover their agreed value, as for damages for loss of part of the purchase price of his property.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—CONSIDERATION.  A partial failure of consideration for a trade of properties, pursuant to a written contract, may be shown by parol evidence to the effect that certain lots mentioned in the writing as part of the trade were already under contract of sale and the contracts were assigned, al-though the writing did not mention the assignments, and that part of the consideration failed through the fraud of the party in point-ing out the wrong lots, and the repudiation of the assigned contracts on account of such fraud.

Appeal from a judgment of the superior court for Kitti-tas county, Kauffman, J., entered July 12, 1913, upon find-ings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

Harry E. Phelps and E. K. Brown, for appellant.

Hovey & Hale, for respondents.

CHADWICK, J.—On the 27th day of November, 1911, the parties to this action entered into a certain written agree-ment whereby appellant agreed to purchase eighty acres of land, in Kittitas county, Washington, in consideration of the sum of $8,800, to be paid as follows:  Twenty-two lots in Wing's addition to the city of Tacoma, in Pierce county, at an agreed valuation of $2,250, the assumption of a mort-

[1]Reported in 139 Pac. 597.

gage of $3,000 then outstanding on the eighty-acre tract, and $3,550 to be paid in cash in partial payments at specified times. At the time the contract was entered into, appellant had contracted to sell the Tacoma lots to persons named Duenwald, at an agreed price of $2,750, $500 of which had been paid. Deeds were executed by the parties for their respective holdings, and the Duenwald contract was assigned to the respondent, although no mention of it is made in the written contract between the parties hereto. Before the contract was entered into, an agent of the respondents went to Tacoma to inspect the lots in Wing's addition. There he was met by one Taylor, who undertook to point out the property on the ground. It is alleged by respondents that Taylor was the agent of the appellant. This is denied by appellant and by Taylor. Upon the whole record, the court found that Taylor was the agent of the appellant and not of the respondent, and we have no disposition to disturb that finding. It afterwards transpired that the lots pointed out on the ground were not the lots covered by the description in the deed, but that they were lots of considerably greater value. Whereupon, respondents tendered to appellant a deed for the lots, and demanded the sum of $2,250 and interest. After trial, the court below found in favor of the respondents, and entered a judgment for the amount prayed for.

The errors assigned are that the complaint did not state a cause of action, and that the court erred in admitting parol and extrinsic testimony to vary the written contract between the parties.

There is no real dispute as to the legal propositions advanced by either party. The only question in the case is as to the application of those principles. Appellant relies upon the rule that, where a contract is complete in itself, there cannot be a partial rescission; that if respondents are dissatisfied with their bargain, they must put the appellant in *statu quo*, or accept the condition made in the contract;

that is, if, after an inspection of the Tacoma lots, they were dissatisfied, the papers which had been put in escrow should have been withdrawn and respondents accepted the sum of $100 which had been paid to bind the bargain.

There are exceptions to the general rule just stated. The severability of a contract is determined, as a rule, by measuring the intent of the parties. 7 Am. & Eng. Ency. Law (2d ed.), p. 95; *Loud v. Pomona Land & Water Co.*, 153 U. S. 564. It may be admitted that, if respondents took the lots described in the deed after an inspection thereof, and thereafter became dissatisfied, they could not recover; but it seems to us that this case should not be resolved by reference to the rule of partial rescission. At the time the deed to the Tacoma lots was delivered, there was an outstanding contract for their purchase at a given price. Respondents had inquired into the financial responsibility of the Duenwalds, and had become satisfied that they would perform their contract. In so far as appellant is concerned, the engagements upon his part were, in effect, an agreement to pay in money and money's worth; and the consideration having failed in part, it would seem that respondents should have a right to recover on that theory as for damages suffered for a loss of a part of the purchase price. We have examined the complaint with care. It seems not to have been drawn upon the theory of rescission, but rather upon the theory of damages. To hold respondents to the rule that they must put appellant in *statu quo*, would permit him to deprive respondents of their bargain by pleading his own fraud.

Appellant contends that, although this may be true, the judgment of the court cannot be sustained without resort to parol testimony; that all testimony offered with reference to the execution of the Duenwald contract and its repudiation by the Duenwalds because they learned that they had been defrauded by appellant, who had pointed out property on the ground other than that covered by the description in the contract, and respondents' inquiry as to Duenwald's finan-

cial responsibility, was irrelevant and immaterial as well as incompetent, and should have been rejected.

It is a general rule that the consideration of a contract may be inquired into and even contradicted by parol testimony. We think the right of the court to inquire into the Duenwald contract, its present status, and the relation of those people to the lots in question, may be referred to the principle just stated. The Duenwald contract was assigned to respondents and delivered with the deed, and became an integral part thereof, and it was incumbent upon appellant to maintain the integrity of his contract, or at least to do, or to have done, nothing that would impair its value in the hands of a third party who took it relying upon his representations. We think, therefore, it was proper for the court to receive such evidence, and upon the showing made, to award judgment for the agreed value of the lots.

We have not followed the briefs of counsel. They have been written upon the theory that this is a case of partial rescission, whereas, we think the principle relied on is not pertinent to the real issue. Here respondents relied upon the value of certain lots owned by appellant, a value estimated, not by themselves or by others, but evidenced by an actual sale, and upon which $500 had been paid by a responsible purchaser. Appellant knew that the identity of the lots pointed out, and the accepted value of the Duenwald contract, was an inducing factor in the sale, and the law will bind him to keep his contract good as against his own wrong, when accepted in payment of his obligations.

Finding no error, the judgment is affirmed.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.