[No. 12350. Department Two. June 26, 1915.]

A. B. OLSEN, *Respondent*, v. B. F. NICHOLS, *Appellant*.[1]

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING. Where a written contract for the exchange of properties provided that the plaintiff might elect to take cash instead of a mortgage for the balance due him, it is inadmissible to show a further oral agreement that in case of such election, plaintiff was to execute a deed of his property to enable the defendant to borrow money thereon to make the cash payment; since the same adds a provision to the contract covering a subject-matter mentioned therein.

Appeal from a judgment of the superior court for Spokane county, Sessions, J., entered May 20, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*John Pattison*, for appellant.

*A. E. Barnes*, for respondent.

[1]Reported in 149 Pac. 668.

MAIN, J.—The purpose of this action was to recover dam-ages claimed to be due on account of the breach of a contract to convey real estate. The cause was tried to the court sitting without a jury. A judgment was entered in favor of the plaintiff. The defendant appeals.

On the 4th day of June, 1912, and for some time prior thereto, the respondent was the owner of a farm consisting of approximately 2,000 acres, situated in Walla Walla county, state of Washington. The appellant, B. F. Nichols, was the owner of certain lots in the city of Spokane, upon which had been erected an apartment house. On the date mentioned, the appellant and the respondent entered into a written contract for the exchange of properties. This contract provided that the,

"Party of the first part [Nichols] to assume a mortgage of twenty thousand dollars at seven per cent, due four years from April 1, 1912, and the party of the second part [Olsen] to give a mortgage back to the party of the first part on the said brick building for the sum of eighteen thousand dollars at seven per cent, due on or before April 1, 1916, or eighteen thousand dollars cash, if preferred by party of the first part, and for the true and faithful performance of all and several of the covenants and agreements herein mentioned, the parties hereto are held and firmly bound unto each other in the sum of two thousand dollars in gold coin of the United States as fixed, settled and liquidated damages to be paid by the party failing to keep all and several his covenants and agreements to other parties hereto."

Some time after the execution of this contract, the appellant gave notice that he elected to take cash instead of a mortgage back for $18,000, as specified in the contract. Thereafter the respondent executed a deed to the farm lands and delivered the same to Houchins & Company, real estate brokers in the city of Spokane, through whom the negotiations leading up to the contract had been conducted. The $18,000 at no time was tendered to the appellant.

Upon the trial, evidence was offered and admitted, over the objection of the appellant, to the effect that, at the time the contract was executed and during the negotiations leading up thereto, it was the understanding of the parties that, if the appellant elected to take cash, a deed to the apartment house property was to be delivered to the respondent in order that he might negotiate a loan for the $18,000 in cash mentioned. The appellant refused to execute and deliver his deed prior to the making of the cash payment. The transaction was at no time consummated. The present action, as already indicated, was for the purpose of recovering the $2,000 mentioned therein as damages on account of either party failing to keep his covenants.

The controlling question is whether the respondent had a right to show by oral testimony that the understanding between the parties was that, if the appellant elected to take cash, he would then deliver his deed investing the respondent with title to the apartment house, in order that the latter might negotiate a loan to make the cash payment. The rule is that parol evidence is not admissible for the purpose of adding to, modifying, or contradicting the terms of a written contract in the absence of fraud, accident or mistake. *Staver & Walker v. Rogers*, 3 Wash. 603, 28 Pac. 906; *Jordan v. Coulter*, 30 Wash. 116, 70 Pac. 257; *Ross v. Portland Coffee & Spice Co.*, 30 Wash. 647, 71 Pac. 184; *Minnesota Sandstone Co. v. Clark*, 35 Wash. 466, 77 Pac. 803.

Many other authorities might be cited in support of the rule. In fact, the general rule is not denied by the respondent. But he claims that the testimony was admissible under the rule which provides that parol evidence is admissible to show the situation of the parties and the circumstances under which the instrument was executed. That parol evidence is admissible to show the situation of the parties and the circumstances under which a written instrument was executed, for the purpose of ascertaining the intention of the parties and properly construing the writing, is well settled. Such

evidence, however, is admitted, not for the purpose of importing into a writing an intention not expressed therein, but with the view of elucidating the meaning of the words employed. Evidence of this character is admitted for the purpose of aiding in the interpretation of what is in the instrument, and not for the purpose of showing intention independent of the instrument; it being the duty of the court to declare the meaning of what is written, and not what was intended to be written. 17 Cyc. 607; 9 Ency. Evidence 374; *Merriam v. United States*, 107 U. S. 437. If the evidence offered went no further than to show the situation of the parties and the circumstances under which the instrument was executed, then it was admissible. But if it went to the extent of adding to, modifying, varying or contradicting the terms of the writing, then it was obviously inadmissible.

The written contract provided that the appellant, if he preferred to do so, might elect to take cash instead of a mortgage back for the sum of $18,000. This election, as shown by the facts stated, was made. The contract contains no provision that if the appellant should elect to take cash, he would then deliver his deed in order that the respondent might borrow the money upon the property with which to make the cash payment. It seems to us that the oral testimony added a provision to the contract covering the subject-matter mentioned therein. In other words, the contract was that, if the appellant elected to take cash, then he would invest the respondent with title to the apartment house, in order that the latter might negotiate the necessary loan.

The respondent, in his brief, states that the appellant knew "that the respondent could not borrow the money unless he had been invested with the title of the rooming house." But the written contract does not contain a provision making it the duty of the appellant to so invest the respondent with title. The evidence admitted did not fall within the rule relative to showing the situation of the parties and the surrounding circumstances. That evidence, as already shown,

is received, not for the purpose of showing any intention of the parties aside from the contract, but for the purpose of aiding in the interpretation of what is in the contract itself. The contract under consideration here is silent as to how or in what manner the respondent was to raise the $18,000 in cash. We think the evidence was inadmissible under either of the rules stated.

The respondent claims that the evidence was admissible under the rules stated in the cases of *Potlatch Lumber Co. v. North Coast Produce Co.*, 78 Wash. 533, 139 Pac. 496, and *Wolff v. Love*, 78 Wash. 561, 139 Pac. 597. In the *Potlatch Lumber Co.* case, the evidence there offered related to a subject-matter not covered by the written contract. In the present case, the evidence admitted related to a subject-matter mentioned in the contract. In the *Wolff* case, the rule that the consideration for a contract may be inquired into, and even contradicted by parol testimony, was applied to the facts in that case. In the case now under consideration, the question involved is not that of showing the real consideration for the contract.

The judgment will be reversed, and the cause remanded with direction to dismiss the action.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.